MARY JANE SEARS, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

1. It is not the duty of the conductor of a freight train to couple and uncouple cars except in the case of a pressing emergency, of which the jury must judge. If he is killed in performing such service, in the absence of such emergency, he is not without fault, and his widow cannot recover damages from the railroad company.
2. The verdict being excessive and unsupported by the evidence, a new trial was properly ordered.

Railroads. Conductor. Damages. New trial. Before Judge HALL. Spalding Superior Court. August Term, 1874.

For the facts, see the decision.

B. H. HILL & SON, for plaintiff in error.

SPEER & STEWART; JACKSON, LAWTON & BASINGER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for the homicide of her husband. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $10,000 00. The defendant made a motion for a new trial on the several grounds set forth therein, which was granted by the court on the 10th, 11th, 12th and 13th grounds contained in the motion, which several grounds are as follows: Because the verdict of the jury was contrary to the charge of the court. Because there was no evidence before the jury on which to base a verdict for $10,000 00, even though it was clear that the plaintiff was entitled to recover something. Because the verdict of the jury was against the evidence, and the weight of the evidence. Whereupon the plaintiff excepted.

1. It appears from the evidence in the record that the plaintiff's husband, at the time he was killed, was in the employ of the defendant as a conductor of a freight train on the defendant's road, and when engaged in that capacity, he undertook to uncouple a train of cars when in motion, and was killed, telling Ellis, one of the train hands whose duty it was to uncouple the cars "to draw in the bell line, that he would uncouple for him, that he was in a hurry and wanted to get out of the way of the passenger train." To have entitled the plaintiff to recover in this case for the homicide of her husband, he being an employee of the defendant, it was necessary to prove that his death was caused by the negligent and improper conduct of the defendant, *without fault* or *negligence on his part*. It was not the duty of the plaintiff's husband, as the conductor of the defendant's train, to couple and uncouple cars, unless in case of a pressing emergency, and if he undertook to do so when there was no pressing emergency and was killed, he was not *without fault*, in contemplation of the law.

Whether a pressing emergency existed in this case, which would have authorized the conductor to have taken the risk of uncoupling the cars at the time and manner he did, would be a question of fact for the jury under the evidence, which was very slight upon that point, if indeed any *pressing emergency* was shown at all.

2. In view of the evidence in relation to this point in the case, as well as the evidence contained in the entire record, when considered in connection with the principles of law applicable thereto, the court below did not err in setting the verdict aside. The judgment of the court setting aside the verdict might well be sustained on the ground that the verdict under the evidence contained in the record was *excessive.* In this class of cases, when the attempt is made to plunder a railroad corporation under the forms of law, by the obtainment of verdicts which parties are not legally and justly entitled to retain, it is the duty of the courts to set them aside. When the evidence shows that a railroad company has been *willfully* and *grossly* negligent in the performance of its duties, and injury has resulted therefrom, the courts, in such cases, will be more reluctant to interfere with the verdict, but the evidence in the record discloses nothing of that sort, in this case.

Let the judgment of the court below be affirmed.