THE CENTRAL RAILROAD *vs.* SEARS.

<div style="float:right">
61  279<br>
106  798<br>
61  279<br>
f112 239
</div>

Where an emergency is relied upon as justifying a conductor in going out of his sphere and taking upon himself the duty and hazards of a subordinate, and it is alleged that the emergency was occasioned by the train being behind time, it is incumbent upon the conductor, or those claiming through him, to make it clearly appear by evidence that the delay of the train was not caused by his fault or negligence.

Railroads.   Negligence.   Master and servant.   Before Judge HALL.   Spalding Superior Court.   February Term, 1878.

Mrs. Sears brought suit against the railroad for the homicide of her husband, who was a conductor of one of its freight trains.   The substantial facts of the case will be found reported in 59 *Ga.*, 436.   On the present trial the plaintiff insisted that there was a pressing emergency on the deceased to couple the train, in doing which he was killed, and that, therefore, though a conductor, he was without fault.   The jury found for the plaintiff $8,500.00.   Defendant moved for a new trial; it was refused and defendant excepted.

A. R. LAWTON ; SPEER & STEWART, for plaintiff in error, cited 59 *Ga.*, 436, 77; Code, §§3713-3718; 58 *Ga.*, 489 ; 1 Graham & Waterman on New Trials, 333, 336 ; 1 Wash. C. C. R. 202; 3 Binney, 520; 4 Wash. C. C. R., 32; Graham on N. T., 1231; 53 *Ga.*, 630; 15 *Ga.*, 349; acts 1855-6, p. 155 ; Code, §3036 ; 30 *Ga.*, 146; 35 *Ib.*, 105 ; 51 *Ib.*, 213 ; 53 *Ib.*, 488; 54 *Ib.*, 509 ; 56 *Ib.*, 196, 274, 586 ; 55 *Ib.*, 279, 281 ; 58 *Ib.*, 107 ; 38 *Ib.*, 409; 42 *Ib.*, 327; 53 *Ib.*, 12 ; 54 *Ib.*, 74, 112, 271, 497; 9 *Ib.*, 408; 52 *Ib.*, 408; 55 *Ib.*, 588; 34 *Ib.*, 330 ; 59 *Ib.*, 73 ; 60 *Ib.*, 119.

B. H. HILL & SON ; R. H. JOHNSON, for defendant.

JACKSON, Justice.

This case has been before this court twice before, reported in 53 *Ga.*, 630, and 59 *Ib.*, 436. It will be seen that the case was sent back for a new trial, as reported in 59 *Ga.*, 436, on account of errors in the charge of the court, and in 53 *Ga.*, 630, that the court below granted a new trial and that this judgment was affirmed.

When last here two points were indicated as for the consideration of the jury. First, was there a pressing emergency such as would authorize the conductor to go out of his usual duties; and secondly, whether after such emergency was upon him he acted carefully and prudently in coupling the cars.

Whilst it is not said in so many words that his own negligence could not create an emergency, and then he be held justifiable in acting outside of his regular sphere on account of the very emergency he caused, yet it is apparent that such must be the law and the meaning of this court. For it would be absurd to hold that one by his own fault could bring about a state of things, and then plead the very thing he had brought to pass to justify conduct which would be illegal but for that state of things.

Now the emergency was mainly caused by the train being

behind time, according to the theory of defendant in error, and the finding of the jury ; but whose fault was it that it was behind time ? why was it behind time ? what caused the delay ? and by whose negligence was it not in Griffin on time ?  Upon all these questions there is no evidence at all in the record.

The presumption is that the fault was the conductor's ; because he is the master of the train, and all other employees are under his orders and control ; and Sears was the conductor.

Therefore, before he or those claiming through him can recover, it is incumbent upon them to show by evidence clearly to the satisfaction of the jury, not only that a pressing emergency was upon him, but that such emergency was upon him without his fault ; and hence he must show, if that emergency was caused by the train being behind time, that the fact that it was behind time was wholly without fault or negligence on his part.  The general principle is, that an employee cannot recover except he be without fault himself ; and certainly he is not without fault if his own negligence, or dereliction of duty, brought about an emergency which called him out of his regular sphere of office into that of a subordinate ; and thereby he was killed.  His widow, of course, stands in his shoes.  We feel bound, therefore, to hold that under the facts disclosed in the record, the verdict is against the evidence in that the widow has not shown that the emergency which caused her husband to take the place of his subordinate in coupling the cars was not brought about by his negligence, and, therefore, a new trial is awarded.

Judgment reversed.