## McDONALD vs. THE EAGLE AND PHENIX MANUFACTURING COMPANY.

1. To entitle the widow of a servant to recover against a principal for the negligence of a fellow-servant of that principal for the homicide of the husband, which resulted from such negligence, it must appear that the homicide amounted to a crime in said neglectful servant, either murder or manslaughter of some grade.

2. A principal is not liable for the negligence of a fellow-servant in the same job, unless the principal himself was negligent in not using ordinary diligence in selecting the fellow-servant, or in retaining him after knowledge of incompetency or negligence. Nor will the bare fact that the servant afterwards became negligent show—without more—negligence in the principal in selecting.

3. One may waive the special contract and sue in tort for breach of duty, if there were such special contract; and the contract might warrant the competency and care of the fellow-servant, and be then invoked to change the legal principle on which the liability of the principal would turn for the tort; but no special contract is set out in this declaration so as to vary that general legal principle.

4. A workman engaged in the same job with two or three others, and having the direction of it, is not a general superintendent of a corporation so as to bind it as such, but stands on the footing of a mere fellow-servant.

Damages.    Negligence.    Master and Servant.    Torts. Before Judge WILLIS.    Muscogee Superior Court.    May Term, 1881.

Charlotte McDonald, the widow of Absolom McDonald, brought suit against the Eagle and Phenix Manufacturing Company for the homicide of her husband.    The body of her declaration was as follows:

" For that heretofore, to-wit, on the —— day of June, 1879, at the request of defendant, Absolom McDonald, who was her lawful husband, and up to the time the injuries hereinafter stated were received by him, was a carpenter by trade, forty-seven years old, in good health and of a strong constitution, and whose services were worth an average of two dollars per day, was employed by the said defendant as an ordinary workman to aid in building a dye-house in said county of Muscogee, the said defendant undertaking to furnish a careful, prudent and skillful superintendent to direct said work, and competent and careful laborers to aid in constructing the same, and especially to manage a derrick and ropes, tackle and machinery attached to said derrick, by which large timbers were to be hoisted to a great elevation, which said timbers your petitioner's said husband was to adjust and put in place in the frame-work of said building, when carefully conveyed to him by means of said derrick and ropes, tackle and machinery, attached by said laborers under the orders and directions of said superintendent. Yet the said defendant, not regarding its duty, placed in charge of said derrick and ropes, tackle and machinery attached, a careless and negligent superintendent, and one or more careless, incompetent and negligent laborers, and by the want of the care and diligence, and by negligence, so managed the said derrick and ropes, tackle and machinery, used to hoist said heavy timbers, as to knock the prop which supported her said husband from under him, and precipitated him from a great elevation upon some timbers near the ground, where a large piece of timber suspended by means of said derrick, by which said fall, and fall of said heavy piece of timber, her husband was crushed, bruised, wounded and so hurt that he languished in great pain and died, by reason of said wound, within twelve hours afterwards, and from thence and for all time deprived your petitioner of the companionship, comfort,

McDonald *vs.* The Eagle and Phenix Manufacturing Co.

labor and service, of her said husband; that at the time said fall occurred which so occasioned the death of her said husband, he was faithfully, cautiously, diligently, and without any fault on his part, performing his duty under the direction of defendant. Your petitioner was thereby forced to lay out and expend divers sums of money, in the whole amounting to one hundred dollars, for attention in sickness and burial expenses of her said husband, while she endures inconsolable grief, and has sustained other damages to the amount of ten thousand dollars."

Defendant demurred generally to this declaration; the demurrer was sustained, and plaintiff excepted.

SMITH & RUSSELL, for plaintiff in error.

PEABODY & BRANNON, for defendant.

[NOTE:—The original opinion in this case was prepared by Chief Justice JACKSON. After being so prepared, Justice SPEER took it from the reporter for the purpose of making a citation in another case. He states that he handed it to Mr. Peeples, of the clerk's office, with instructions that the latter should hand it to the reporter. This was never done, however, and it never reached the reporter's hands. Mr. Peeples has no remembrance of receiving it from Justice SPEER, and upon being called on for it by the reporter, he was unable to find any trace of it in the clerk's office. In order to obviate as far as possible this loss, the head notes are published as prepared and revised by Chief Justice JACKSON, and the following extract from the decision is appended, being taken from the decision in the case of *Crusselle vs. Pugh*, September Term, 1881, where it was copied by Justice SPEER.—REPORTER.]

" The principal is liable for his own negligence or misconduct, and hence his liability rests on his own negligence or misconduct in the employment of his agents; and if he uses ordinary diligence in employing competent men it is enough to relieve him. He is not liable for the negligence of a fellow-servant while engaged in the same employment, unless he has been negligent in the selection of that servant, or retained him after knowledge of his incompetency. Nor will the fact that the person is found incompetent, of itself, and without more, show negligence of the master; but it must further appear that the master knew or might have known, by ordinary diligence, the incompetency of the agent or servant. Law of master and servant, 333, 423–432; 2d Thomps., 969; Sherman & Red., 31; 1 Am. Rail., 536." ·