| 80 | 227 |
| f118 | 177 |

| 80 | 227 |
| d124 | 581 |

| 80 | 227 |
| e127 | 619 |
| 127 | 620 |
| 127 | 621 |

## McGovern *vs.* The Columbus Manufacturing Company.

1. The doctrine that a master is not liable for the negligence of an employé by which a co-employé is hurt, is of force in this State; and where the evidence of the plaintiff showed that he was an employé in a factory, and was injured by the negligence of a co-employé, for which suit was brought against the master, a nonsuit was properly granted. (Rep.)

2. A workman engaged in working in the picker room of a factory with two others, and having the direction of the work therein as foreman, is not a general superintendent of the corporation operating the factory, so as to render it liable for his negligence in starting a machine which he and one of the others were engaged in cleaning, whereby such other employé was injured. (Rep.)

February 6, 1888.

Master and servant. Damages. Negligence. Officers. Before Judge WILLIS. Muscogee superior court. November adjourned term, 1886.

The plaintiff made the following allegations: He was employed by defendant, a cotton manufacturing company, to attend to one of their machines, called a picker, in their regular business. It was his duty to manage it, and while, in the discharge of his duties connected therewith, without fault on his part, the company's servants turned steam on the machine and started it in motion at a time when, by the rules of the company and the orders of its officers, it was his duty to introduce his hand into the interior of said machine, it having been stopped for that purpose. The

steam was turned on, without warning to him and the machine was thereby put into violent and rapid motion, and his hand, being therein, was torn, causing him great suffering, etc. He then set forth his damages.

He amended by alleging as follows: In the discharge of his duty, he was put by defendant under the direction of one Yancey, who was in charge of the room with authority to command all work therein and manage the same absolutely. The picker was stopped for the purpose of being cleaned, and in doing this it was necessary for the plaintiff to introduce his hands into the interior, where there were cogs, wheels and other fixtures; while so engaged, Yancey negligently and without warning to plaintiff, and without his knowledge, and knowing that plaintiff was so engaged, applied the steam to the machine and put it in rapid motion, whereby plaintiff was injured, etc. The injury was caused by the gross negligence of Yancey, and plaintiff was entirely free from fault.

He further amended as follows: The picker was operated by water-power, and it was Yancey's duty to put on and take off the power so as to run and stop the machines at pleasure. He was placed by defendant over plaintiff to direct and govern him, he being only an operative with no authority to turn power off and on. Yancey had higher duties and received higher wages. It became plaintiff's duty to clean the picker, and for this purpose Yancey stopped the machine. While necessarily having his hands in the machine to clean it, Yancey, without notice or warning, negligently turned the power on and started the machine into rapid motion, whereby plaintiff, without fault on his part, was injured, etc.

Upon the trial the only evidence was that of the plaintiff, who testified as follows: He was raised to work in a factory in the north; had worked in this one six months. That was his regular business. Two other men worked in the picker room; Yancey was one of them, and was boss; he showed the hands in there what to do, and was paid

more than the others; it was his business to start and stop the machinery; he gave direction to the employés. The picker tears up cotton and makes laps to go to the carding room. It contains wheels, gear and cogs. It was plaintiff's business to put cotton therein, and when it got choked up it was his and Yancey's business to attend to it. On the day of the injury, the machine became clogged and Yancey stopped it. He went to one side and plaintiff to the other. Yancey started it again before plaintiff had finished his side; and his hand, being inside of it, was badly mutilated. He was cleaning the machine under the direction of Yancey, who understood the work in that room better than the others. Yancey had no general control over the machinery at the mill, but he controlled this picker room, which contained four machines; they were connected with the general machinery. Plaintiff's ability to work was lessened one-half. He had never started the machinery, though he had put on the little belts which run on portions of it. The remainder of plaintiff's testimony tended to support his allegations, but it is not necessary to set it out more fully.

The defendant moved for a nonsuit, which was granted, and the plaintiff excepted.

W. A. LITTLE, for plaintiff.

McNEILL & LEVY, for defendant.

BLECKLEY, Chief Justice.

This was an action by an employé against the common master, for an injury sustained in consequence of the negligence of a co-employé. A nonsuit was granted, and that is said to be error for two reasons: (1) That the doctrine that a master is not liable for the negligence of an employé by which a co-employé is injured, does not prevail in Georgia; and (2) in this particular case the co-employé, whose negligence caused the injury, was not strictly en-

gaged in the same service, but was a superior, exercising power over the injured man, and therefore represented the master in this particular act of negligence.

On section 2202 of the code, and *Henderson vs. Walker*, 55 *Ga.* 481; *Western & Atlantic Railroad vs. Adams*, 55 *Ga.* 281; *Crusselle vs. Pugh*, 67 *Ga.* 430; *McDonald vs. The Eagle and Phenix Manufacturing Company*, 67 *Ga.* 761, and the same case, 68 *Ga.* 839, the judgment is affirmed. We think the case was correctly decided.

Judgment affirmed.