WHITTON *v.* SOUTH CAROLINA & GA. R. R. CO.

When, in the trial of an action brought by the widow of a conductor against a railroad company for his homicide, it affirmatively appeared from the evidence that he was in charge of and directing the movements of the train by which his death was caused, and that instead of confining himself to the line of his duties on that occasion, which did not include coupling and uncoupling cars, he voluntarily and in the absence of any emergency so requiring went between two cars, one of which he knew to be in a defective condition, for the purpose of unchaining or uncoupling the same, the conclusion follows that he was "outside of duty and at fault," and consequently there was no error in granting a nonsuit.

Argued February 2, — Decided March 16, 1899.

Action for damages. Before Judge Eve. City court of Richmond county. March term, 1898.

*C. T. Ladson, J. T. Pendleton* and *M. P. Carroll*, for plaintiff. *Joseph B. Cumming*, for defendant.

SIMMONS, C. J.   Mrs. Whitton sued the South Carolina and Georgia Railroad Company for damages for the homicide of her husband.   Upon the close of the evidence for the plaintiff, the trial judge granted a nonsuit, to which the plaintiff excepted.   Whitton, the husband, was the conductor of a construction-train.   This train was made up for the purpose of removing wreckage from the line of the railroad.   In making it up, there was one car which had no bumper or drawhead at one end, and which was attached to another car by means of a chain.   The train went upon a trip and returned to the city of Augusta, Georgia, where it was determined to detach the defective car from the others.   The crew of the train consisted of several persons whose main duty seems to have been to gather up the wreckage on the line of the road, and of Whitton, the conductor, and a flagman.   The defective car being without bumper or drawhead, there was nothing to prevent its contact with the other car in case of movement of the train or in taking up or letting off slack.   The conductor sent the flagman to a crossing for the purpose of flagging this train when it became necessary, and he himself undertook to unchain the defective car from the other.   Before going under and between the cars, he placed a piece of wood in front of the wheels of the car which was attached to and immediately behind the defective one, for the purpose of preventing it from running upon him in case the engine and other cars should move forward. While the conductor was under the car, unfastening the chain, the flagman, without any command from the conductor, gave the engineer the signal to move forward. The engineer obeyed the signal and moved the train forward, dragging the car over the stick of wood.   The conductor was crushed between the cars and killed.   Under this state of facts the court granted a nonsuit, holding that while the evidence showed the flagman, a servant of the company, was negligent, the conductor was also in fault.

In this State the law is, that an employee who has been injured by the negligence of a coemployee is prima facie entitled to recover from the company upon showing either that he was free from fault or that the company was in fault.   Evidence

of either of these things puts the burden upon the company to prove the contrary of one of them. If, however, the employee, in making out his case by showing that the company was negligent, shows that he also was negligent or in fault, the company is relieved of the necessity of introducing evidence to show negligence on the part of the employee. If the evidence shows that the employee by his negligence contributed to the injury, the court should grant a nonsuit. Applying this rule, we think that the facts of this case show that, although the servants of the company were negligent in moving the train forward without warning to the conductor, he also was negligent in undertaking to unchain this defective car. There is no evidence in the record tending to show that it was any part of the duties of the conductor to uncouple this car. As far as the record discloses, it was a voluntary act upon his part. The evidence does show that it was the duty of the flagman to couple and uncouple cars. It is true that the evidence also shows that the conductor had sent the flagman forward to the crossing for the purpose of signaling the engineer, but no reason appears for the conduct of the conductor in voluntarily assuming the duties of the flagman. As to the management of this particular train, the conductor was the vice-principal of the company. It was his duty to be where he could superintend the whole train, and not without a pressing emergency ought he to have abdicated his position of authority and assumed the duties of a subordinate. He must have known that it was dangerous to go under and between the cars, because of the defective condition of one of them. He showed a knowledge of this by placing the wood in front of the wheels of the car next to the defective one. In the case of *Sears* v. *Railroad Co.*, 53 *Ga.* 630, this court held : " It is not the duty of the conductor of a freight-train to couple and uncouple cars except in the case of a pressing emergency, of which the jury must judge. If he is killed performing such service, in the absence of such emergency, he is not without fault, and his widow can not recover damages from the railroad company." This ruling was reaffirmed in the same case when it came twice afterwards to this court. 59 *Ga.* 436, and 61 *Ga.* 279. In the

present case, there is nothing in the evidence to show that it was the duty or any part of the duty of Whitton, the conductor, to uncouple cars, or that there was any pressing emergency upon him to do so in order to save life or limb or to prevent a collision with another train. According to the ruling in the case of *Atlanta Railway* v. *Ray*, 70 *Ga.* 674, the plaintiff in the court below should have shown affirmatively that at the time her husband was killed, his duty required him to be at the place where the injury occurred.

For the reasons given above and others which might be mentioned, we think the court was right in granting a nonsuit.

<em>Judgment affirmed. All the Justices concurring.</em>