## CEDARTOWN COTTON COMPANY v. HANSON.

On the trial of an action for damages by an employee against a cotton-mill company, on account of injuries alleged to have been caused by the negligence of one claimed to have been a vice-principal of the defendant, where the evidence for the plaintiff fails to show that the relation of principal and vice-principal existed between the defendant and the person against whom the negligence is charged in the petition, but on the other hand discloses that the plaintiff and the alleged negligent person were fellow-servants subject to the same general master, a motion for nonsuit should be granted.

Argued May 12,—Decided June 1, 1903.

Action for damages.    Before Judge Janes.    Polk superior court. December 31, 1902.

*Fielder & Ault* and *Blance, Wright & Tison,* for plaintiff in error. *Dean & Dean* and *Bunn & Trawick,* contra.

CANDLER, J.    This was a suit for damages on account of personal injuries, brought against the Cedartown Cotton Company by John Hanson, one of its employees.    It appeared that Hanson, at the time of his injuries, had been in the employment of the defendant company for about two months.    At that time he was at work at what is known as feeding the openings to the beaters.    One of these machines became clogged with cotton, with the result that, while the machine continued running at so rapid a rate that its separate parts could not be seen, the feeding of cotton to the machine was stopped.    Another employee of the defendant, named Patterson, who was regarded by the plaintiff and others of the mill hands as a foreman, or boss, but who was merely a laborer, like the plaintiff, being, on account of his experience, the "leader in the picker-room," made a signal to the plaintiff, which he understood to be a direction to clean out, or unclog, the machine, so that it would work properly.    The noise made by the machines was such that voices could not be heard in that part of the mill, and it was necessary to make signals to be understood.    The plaintiff had frequently seen the machine choked before, but had never tried to clean it.    He had seen others clean it, and had always, at such times, seen the machine stopped.    After making the signal to the plaintiff to which reference has been made, Patterson turned and went into another room.    The plaintiff, without attempting to stop the machine, lifted what is known as the apron, which covered it,

when, according to his own testimony, the suction of the air drew his coat-sleeve into the machinery, and his arm was caught and cut off. One of his witnesses testified that he "grabbed at a wad of cotton in the machine, and the beater cut his arm off." The foregoing appeared from the evidence offered for the plaintiff. At the conclusion of that evidence, the defendant made a motion for a nonsuit, the overruling of which is assigned as error in the bill of exceptions taken to this court.

We are clear that the motion to nonsuit should have been sustained. The petition is based upon the theory that Patterson, who is assumed to have directed the plaintiff to clean the machine while in motion, was the vice-principal of the defendant. The evidence fails entirely to substantiate this theory. The following evidence of one of the witnesses for the plaintiff is the strongest statement in support of that contention to be found in the record: "Patterson was in charge of that picker-room that night, and giving directions to the men. He was looking after the machines. He was the second man in the factory, and gave orders what to do about working with the machines. The man over Mr. Patterson was in the factory when Hanson got hurt. . . Patterson gave me all the orders I had when I worked in the picker-room." A case directly in point, and which would seem to be absolutely controlling, is *McGovern* v. *Columbus Mfg. Co.*, 80 *Ga.* 227, where it was ruled that "A workman engaged in working in the picker-room of a factory with two others, and having the direction of the work therein as foreman, is not a general superintendent of the corporation operating the factory, so as to render it liable for his negligence in starting a machine which he and one of the others were engaged in cleaning, whereby such other employee was injured." In that case, as in this, the alleged vice-principal worked in the factory as boss; "he showed the hands in there what to do, and was paid more than others; it was his business to start and stop the machinery; he gave directions to the employees." The trial court granted a nonsuit, and the judgment was affirmed by this court. We cite this case because of its striking similarity to the case at bar in its facts. A more recent decision, which is also clearly in point, is that of *Hamby* v. *Union Paper-Mills Co.*, 110 *Ga.* 1, where it was ruled that "Two persons subject to control and direction by the same general master in the same common object are fellow-

servants, and if one is injured by the negligence of the other, the master, save when by statute otherwise provided, is not liable, although the negligent servant has the right to direct the work of the other." And see the array of cases cited in the opinion on pages 3 and 4. We are assuming that the evidence for the plaintiff shows that the plaintiff's injuries were due solely to the negligence of Patterson. As a matter of fact, it is exceedingly doubtful if Patterson was shown to have been in any manner negligent. That, however, need not enter into the discussion, for the evidence for the plaintiff clearly established that the plaintiff and Patterson were fellow-servants; the allegations of the petition were therefore not supported, and a nonsuit should have resulted.

As the foregoing disposes of the case upon its substantial merits, we will refrain from a discussion of the various points of law raised in the motion for a new trial, or the question whether or not the evidence showed that the plaintiff contributed by his negligence to his injuries. On the principles above announced, and the authorities cited, we have no hesitation in holding that the refusal of the motion for a nonsuit was erroneous.

*Judgment reversed.     By five Justices.*