SHEPHERD *v.* SOUTHERN PINE COMPANY OF GEORGIA.

1. "A workman engaged in the same job with others and having direction of it is not a vice-principal of the master, but stands on the footing of a mere fellow-servant."

2. The petition filed in this case set forth no cause of action, and therefore could not be made the basis of an amendment the purpose of which was, not merely to amplify or perfect the allegations relied on by the plaintiff when he brought his suit, but to substitute in lieu thereof an altogether different statement of facts.

Submitted June 12, — Decided July 1, 1903.

Action for damages.    Before Judge Carter.    City court of Baxley.    December 3, 1902.

*J. B. Moore* and *W. W. Bennett*, for plaintiff.
*John C. McDonald*, for defendant.

FISH, J.   The plaintiff in error, C. M. Shepherd, brought against the Southern Pine Company an action for damages on account of personal injuries alleged to have been sustained by him by reason of the negligence of certain employees of that company and without fault on his part.   The defendant demurred to the plaintiff's petition, on the general ground that it did not set forth " such a state of facts as would warrant or authorize a recovery in " his favor; and upon the special ground that, taking as true the allegations upon which he based his alleged right to recover damages, they showed that if he sustained any injury at all, it was caused by "the act of a fellow-servant," for which the defendant could not be held responsible.   Thereupon the plaintiff offered an amendment to his petition, whereby he sought to meet this special ground of demurrer by alleging, in substance, that his injury was directly attributable to the negligent conduct of a particular employee of the company, who was its superintendent and vice-principal, who had complete control over the management of its business and full authority to give orders to its employees as well as to suspend and discharge them, who " did not labor with petitioner and the other laborers," and who, therefore, was in no sense his fellow-servant. Counsel for the defendant objected to the allowance of this amendment, on the ground that it was not germane to the case made by the plaintiff's petition, and that he sought by means of this amendment to set up a new cause of action.   The trial judge refused to allow the plaintiff to thus amend, and, after hearing argument upon the defendant's demurrer, sustained the same both upon the general and the special grounds thereof.   To the action of the trial court in giving this disposition to the case the plaintiff duly excepted.

1.   It is well settled by prior adjudications of this court that : " Two persons subject to control and direction by the same general master in the same common object are fellow-servants, and if one is injured by the negligence of the other, the master, save when by statute otherwise provided, is not liable, although the negligent servant has the right to direct the work of the other."   See *Cedartown Cotton Co.* v. *Hanson*, 118 *Ga.* 176, and cit.   It is clear to our minds that if the amendment to the plaintiff's petition had been allowed without objection, his pleadings would have stated a case entitling him to a recovery, and that the defendant's demurrer

should have been overruled.    But the controlling question presented for our determination is whether or not the petition filed by the plaintiff set forth any cause of action.    If not, then there was nothing to amend by, and the judgment of the court below should be sustained.

2.    The facts upon which the plaintiff in the first instance based his alleged right to recover were, in brief, as follows:    He was, on March 8, 1902, "one of the employees of the said defendant company, working generally in and around [its] ,sawmill at Hazlehurst,. Ga., under the direction of Ed. Burdett, superintendent of said mill, and J. M. Thomas, superintendent of the planing-mill."    On that day, "under the direction of the said superintendents, acting within the scope of their authority," the plaintiff, "in company with several other employees, repaired to the skids at the mill to move therefrom certain lumber to the ground, across a railroad track.    Jumpers were placed on the ends of the skids and the other ends on the shoulders of various parties, and then the superintendent directed certain other employees to shove the lumber on the jumpers· held by the parties on the ground, and petitioner went up and put· his shoulder under the jumper to help the superintendents hold up the jumper while the lumber was on it."    When the plaintiff "got his shoulder under the jumper, and the load of lumber was pressing down on him, both of said superintendents and the other employees threw said jumpers from their shoulders, without any word of warning or other sign to [him] that they were going to do· so, and threw down one end of one of the jumpers and thus threw the whole weight of the other end of the lumber" upon him, "so· that such an overwhelming weight was put upon him that he was· crushed to the ground, and the lumber fell upon him and broke his leg" and otherwise injured him.    Plaintiff was "helping with the lumber under the direction of these superintendents, who had the rule over him in said mill," and was in the discharge of his duty, under their direction, when so injured.    The "said superintendents· and other employees were in the usual course of their duties as employees of the said defendant company" and were acting "within the scope of their authority."    They acted in a "grossly negligent· manner in throwing down said lumber upon petitioner and thus injuring him, [and] such conduct was so gross until the defendant· company, under the law," became liable to him.    He in no way

at all contributed to his injuries, or could in any way have avoided the same. On the contrary, such injuries were "due solely to the carelessness and gross negligence and wanton disregard of petitioner's safety by the other employees referred to and superintendents in the usual course of their duties as employees of said defendant company," and while acting as its agents and servants within the scope of their authority.

It is to be noted that the plaintiff sought to recover, not only because of the alleged negligence on the part of the company's superintendents, but also because of like negligence on the part of its other employees ; and that he stresses the fact that, in attempting to move the lumber at the time and in the manner alleged, both the superintendents and the other servants were engaged " in the usual course of their duties as employees of said defendant company." That is to say, all of its employees, including the plaintiff and its superintendents, were, at the time of his injury, in the discharge of their regular duties in undertaking by manual labor to perform a given object, i. e., that of moving from " skids at the mill . . certain lumber to the ground, across a railroad track." This case is not, therefore, distinguishable on its facts from that of *Gunn* v. *Willingham*, 111 *Ga.* 427, wherein it was held that " One who is engaged with others in raising, by means of a derrick, timbers which are being used in the construction of a house, and whose particular duties are to stand on a scaffold and receive and detach such timbers from the derrick when they are sufficiently elevated for the use intended, is a fellow-servant of one who stands on the ground and operates the machinery which elevates such timbers, when the persons so engaged are under one common employment, receiving orders from another as superintendent of the entire construction ; and this is so even if the person operating the derrick is invested with authority to direct how and when the elevation of timbers shall be made." The purpose of the amendment offered by the plaintiff was not merely to amplify or perfect the allegations set forth in his petition, but to entirely change the statement of facts therein recited. Indeed he proposed, by way of this amendment, practically to traverse the truth of such statement and to substitute in lieu thereof another to the effect that Burdett " was the superintendent of the whole plant," acted solely as a vice-principal of the company, and did not himself engage with its other servants in moving lumber

or doing other manual labor; that, on the occasion when the plaintiff was injured, Burdett gave orders to certain colaborers of the plaintiff " to throw down the lumber as they did, without notifying the petitioner that such was going to be done ; " that he would not have been injured at all if notice had been given him that the lumber was to be thrown down at that time, and to the negligence of Burdett in failing to give him such notice " is attributable the injury " he sustained, as his coemployees " would not have thus acted but for his [Burdett's] orders to throw " the lumber down as they did. Clearly this proposed amendment was not germane to the case stated in the plaintiff's petition, but was predicated upon an altogether different theory as to what the facts should be in order to entitle him to recover. *Judgment affirmed. By five Justices.*