1832. WHITFIELD *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

The allegations of the petition failed to show a cause of action, and it was properly dismissed on demurrer.

Action for damages; from city court of Cartersville—Judge Foute. March 23, 1909.

Submitted June 10, 1909.—Decided January 15, 1910.

*Thomas W. Milner & Sons,* for plaintiff. *Tye, Peeples, Bryan & Jordan, D. W. Blair,* and *J. M. Neel,* for defendant.

HILL, C. J. Whitfield sued for damages on account of personal injuries received by him while employed by the defendant company in the State of Tennessee. His petition makes substantially the following case: He was employed as a common laborer on a work-train of the defendant, and on the day when his injuries were received he was at work in a crew loading rails on a flat car, under the direction and control of a foreman or boss. The work of loading rails is very dangerous, and requires the direction of an experienced foreman or boss. The point where the plaintiff and his fellow workmen were loading the rails on the cars was in a narrow cut, the sides of which were very close to the cars; and, by the direction of the foreman, the plaintiff was at one end of a rail, performing his part of the work of lifting, and placing the rail upon the car, and had been so engaged all of that day, being assisted by an ample number of men at his end of the rail to handle the rails expeditiously and with safety to all. About the middle of the day and while so engaged in his work, he was ordered to remain at the end of a certain rail, and some of his fellow servants, engaged in the same work, at the same time and place, were negligently shifted by the foreman, from the end of the rail where the plaintiff was at work, towards the other end of the rail, to better assist the men

who were working at the other end to lift their end sufficiently high to place it upon the car.    Plaintiff was unaware of the fact that he was thus left in a position where he would be unable, with the combined efforts of his fellow servants, to place the rail upon the car without hurt to himself; and, without realizing that an insufficient number of men were left at his end of the rail, when the order was given, he stooped down and assisted in picking up his end of the rail, lifted it up,  and endeavored to throw the rail upon the car, acting in conjunction with his fellow workmen.    On account of the insufficient number of men at his end of the rail, he and his fellow workmen could not throw the rail high and far enough to safely and securely place the end of the rail next to him upon the car. The other end of the rail was thrown successfully; and "the end of · the rail next to him, when thrown, having missed the car by reason of the negligence of his co-employees, caused the rail, without fault on his part, to roll down upon him, it being impossible for him to extricate himself in time," and caused the injuries complained of. He charges that the defendant company was negligent, in that it did, through its foreman, negligently shift, from the end of the rail where he was at work, the workmen who, had they been allowed to remain there, could have successfully and safely placed the rail on the car; that it was negligent through its foreman in giving the order, to the men handling the rail, to throw it upon the car before it had been 'lifted high enough for that purpose, the foreman being in a position where he could have known whether the men were ready before he gave the order, and the plaintiff being in a position where he could not know whether the men were ready to receive the order to throw the rail upon the car, as he was standing in such a position that he could not see what his fellow servants were doing; that it was the duty of the defendant, through its foreman, to see and know that there was a sufficient number of men at all points along the rail to successfully and safely place it upon the car; that when the order was given by the foreman to the plaintiff and his fellow workmen to throw the rail upon the car, the emergency was upon him, and he, in obedience to the order, endeavored to throw the rail, assuming that the other men would throw the rail from them as they were bound to do, using all the strength he could in his efforts; that in the exercise of ordinary care he was compelled to throw the rail to prevent it from falling on him and

crushing him to the earth, and that this emergency was brought about by the negligence and carelessness of the defendant, through its foreman, in negligently giving the order to throw the rail before he and his fellow servants were ready to receive the order and were able to perform it.

1.  Negligence, as a question of fact, is always to be determined by the jury, provided a prima facie case is made out; but whether the allegations of a petition make a cause of action, when their sufficiency is challenged by demurrer, must be decided by the court. The first question that presents itself for our decision is as to the law which must determine the rights of the plaintiff. The injuries complained of were received in the State of Tennessee, and his right to recover depends upon the law of that State. He failed to plead any statute of Tennessee relating to the subject, and it will therefore be presumed that the common law defining the relative rights of master and servant is of force in that State. Under the common law one servant can not recover damages from the master for personal injuries caused by the negligence of a fellow servant. *Lay* v. *N. C. & St. L. Ry.,* 131 *Ga.* 345 (62 S. E. 189). We think it clear that the allegations of the petition show that the boss of the crew who was directing the work was a fellow servant. He was serving with the plaintiff and the others in the same work, and his part in that work was not different, in his relation to the master, from that of the others. A workman engaged in the same job with others, although he may have direction of it, is not a vice-principal of the master, but stands on the footing of a mere fellow servant. *Shepherd* v. *Southern Pine Co.,* 118 *Ga.* 292 (45 S. E. 220); *Cedartown Cotton Co.* v. *Hanson,* 118 *Ga.* 176 (44 S. E. 992).. In the case of *McDonald* v. *Eagle & Phenix Mfg. Co.,* 68 *Ga.* 844, it is said: "One of these servants employed in this work is called superintendent, and is alleged to have been at the head of the management of the derrick, etc.; but we do not see that he was such a general superintendent for this corporation as to make it liable as acting through him. On the contrary, the averment only makes him the head of a little job to do that job; and to all intents and purposes a fellow servant." And in the case of *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 624 (56 S. E. 839, 10 L. R. A. (N. S.) 772), it is held, that "orders in reference to mere matters of trivial detail amounting merely to supervision in the operation of the business

may be properly entrusted to a servant, if the master has been free from negligence in the employment of the servant to whom he entrusts this duty; that is, many orders in the operation of a business are part of the mere supervision of the work." It is not alleged that the master was negligent in the employment of an incompetent boss to supervise the particular job in which the plaintiff, with other fellow servants, was engaged at the time of his injury. The alleged negligent act of the boss of the crew seems to have been in the mere giving of work signals, intended to aid in the successful and satisfactory execution of the labor at hand, and was simply a part of the common service. *McDuffie* v. *Ocean Steamship Co.,* 5 *Ga. App.* 125 (62 S. E. 1008).

The question as to whether or not the plaintiff was injured by the negligence of a fellow servant is not left in doubt under the allegations of the petition. While it is alleged that the boss was negligent in shifting the workmen from the plaintiff's end of the rail to the other end of the rail, thus leaving him with an insufficient number of fellow workmen to lift his end and throw it on the car, this act of negligence seems not to have been the proximate cause of his injuries; for he distinctly alleges that the end of the rail next to him was thrown against the car by reason of the negligence of his co-employees causing the rail, without fault on his part, to roll down upon him.

2. But without reference to the question as to whether the injuries received by the plaintiff were caused by the negligence of the boss in the particulars set out in the petition, or the negligence of his fellow servants in throwing the rail on the car as alleged, we think the allegations show that the master is not liable, under §2612 of the Civil Code. This statement leaves out of consideration the mere conclusions of the pleader on the question of negligence. The facts as alleged show that the plaintiff knew, or had equal opportunity with the master of knowing, the danger of attempting to throw the rail on the car without an adequate supply of men for that purpose. It seems to have been a case where the plaintiff simply misconceived the amount of physical strength that was necessary to throw the rail on the car, and on this branch of the case it seems to fall clearly within the principle announced by the Supreme Court in *Worlds* v. *Georgia Railroad Co.,* 99 *Ga.* 283 (25 S. E. 646). In that case the plaintiff was required, with other em-

ployees, to carry cross-ties which were about 100 yards off, for the purpose of putting the car back on the track.     The plaintiff alleged that he was required by the yard-master to carry the cross-ties without any assistance; that he complained that they were too heavy for one man to carry, but the yard-master ordered him to proceed, and, in ignorance of the serious result that might arise from carrying the cross-ties, he went to work according to the order, and as a result wrenched and strained his back.     The case was dismissed on demurrer and the judgment was affirmed, the Supreme Court saying that "if he misconceives the amount of physical strength to be exerted and overstrains himself in lifting the tie and is thereby injured, the master is not liable," even though he acted under the orders of a superior.     See also the case of *Freeman* v. *Savannah Electric Co.*, 130 *Ga.* 449 (60 S. E. 1042).     In this case it is certainly clear that the master did not have the same opportunity as the servant to know that the rail could not be safely lifted and placed on the car, if such was the fact, by the efforts of the plaintiff and those engaged with him.     We think the court below was right in sustaining the demurrer and dismissing the petition.

*Judgment affirmed.*