*Parker & Parker, Parks, Reed & Garrett,* for defendant.

---

12812.    DELLINGER *v.* ELM CITY COTTON MILLS *et al.*

STEPHENS, J. In order for a master to be held liable for injuries to a servant, it must appear that the servant was in the line of his duties when injured. Where a petition alleges that the deceased was an unskilled laborer and was ordered by the defendant to assist certain skilled workmen in placing a certain described electrical transformer into a power house where other transformers were located, and further alleges that at the time of the accident producing the death of the deceased the particular transformer which the deceased was employed to assist in removing to the power house was on the outside of the power house, and it being further alleged that the death of the deceased was caused by contact with the transformers inside of the power house while the deceased was inside the power house, where he had gone before the transformer had been carried into the power house, for the purpose of seeing the situation and the condition of the building where the transformer was to be placed and to select a place to set the transformer, and it not appearing, from any allegation in the petition, that the deceased was under any duty to be in the power house at this time for such purpose, a general allegation that at the time of the death of the deceased he was rightfully at the place where he was killed is a mere conclusion of the pleader and not sufficient to withstand the special demurrer interposed thereto. The petition was properly dismissed upon the general and special demurrers. The plaintiff having declined to amend to meet the objection pointed out in the special demurrer, and the petition not setting out a cause of action without

including the matter so attacked by the special demurrer, the judge did not err in dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1922.

Action for damages; from city court of LaGrange — Judge Duke Davis. August 8, 1921.

*Haynes & Jones, E. T. Moon,* for plaintiff.

*Hatton Lovejoy, A. H. Thompson, F. U. Garrard,* for defendant.