19661. WALTERS *v.* BERRY SCHOOLS.

JENKINS, P. J. 1. A master is bound to exercise ordinary care in furnishing machinery and appliances equal to those in general use, and reasonably safe for all persons who operate them with ordinary care and diligence in furtherance of the purposes for which such instrumentalities are intended. Civil Code (1910), § 3130; *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (54 S. E. 110). If the proximate cause of an injury consists in the failure of the master to perform the duty thus actually devolving upon him, he is liable to the injured servant, provided the servant, by the exercise of ordinary care, could not have prevented the injury to himself.

2. It is a well-settled principle of law, that, except in cases falling within certain statutory exceptions, a master is not liable to one servant for an injury arising from the negligence or misconduct of other servants about the same business. Civil Code (1910), § 3129. Under the facts alleged in the petition, the driver of the mules, whose direction the plaintiff obeyed in releasing the clutch, did not occupy the position of alter ego of the defendant, but was merely a fellow servant, since "a workman, although he may have direction of the labor performed, is not a vice-principal, but stands on the same footing as a mere fellow servant." *Shepherd* v. *Southern·Pine Co.*, 118 *Ga.* 292 (45 S. E. 220); *Cedartown Cotton Co.* v. *Hanson*, 118 *Ga.* 176 (44 S. E. 992); *Moore*

v. *Dublin Cotton Mills*, 127 *Ga.* 609, 614 (56 S. E. 839, 10 L. R. A. (N. S.) 772); *Whitfield* v. *L. & N. Railroad Co.*, 7 *Ga. App.* 268, 270 (66 S. E. 973).

3. Treating, as the court must on demurrer, the allegations of the petition as true, the question involved in the instant case is whether this court can say that the proximate cause of the injury consisted in the obeying by the plaintiff of the negligent command given by a fellow servant, in which event the defendant would not be liable, or whether the question as to what constituted the proximate cause of the injury was one to be determined by the jury.

4. While the determination of questions of negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of the injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to, and while it is also true that the mere fact that the injury would not and could not have resulted by reason of the defendant's act alone will not of itself be taken to limit and define the intervening agency as constituting the proximate cause, yet a demurrer to a petition should be sustained where it appears from the plaintiff's pleadings that the negligence charged against the defendant was not the proximate and effective cause of the injury. The petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer. *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (108 S. E. 906), and citations. In the instant case it can not be said as a matter of law that the defendant could not and should not have reasonably anticipated and foreseen that contingencies requiring the release of the clutch provided on the drum of the stump-puller might arise in the ordinary use of the machine in furtherance of the purposes for which it was intended, and in such event the command of the fellow servant can not be considered an intervening agency such as would break the natural sequence of results flowing from the situation caused by the furnishing of the alleged defective machinery; since, if the original act of negligence in furnishing defective machinery brought about a situation such as, in combination with other acts and operations was reasonably to be anticipated in the use of the machine, the result can still be properly attributed to the original cause as the proximate cause. *U. S. Casualty Co.* v. *Matthews*, 35 *Ga. App.* 526 (3) (133 S. E. 875).

5. The petition set forth a cause of action as against the general demurrer. The meritorious grounds of the special demurrer were met by amendment; and the judgment dismissing the petition as amended was erroneous.         *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 23, 1930.

*Wright, Wright & Covington,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.