### 20024. MOORE *v.* ROSS.

JENKINS, P. J. 1. In order to render a master liable for personal injuries to his servant, the injuries must have been received in the line of the servant's duty. *Atlanta &c. Ry.* v. *Ray,* 70 *Ga.* 674 (4), 679; *Whitton* v. *South Carolina &c. R. Co.,* 106 *Ga.* 796 (32 S. E. 857); *Allen* v. *Hixson,* 111 *Ga.* 460 (36 S. E. 810); *Dellinger* v. *Elm City Cotton Mills,*

29 *Ga. App.* 127 (113 S. E. 702). But if the servant, in obedience to an express command of the master, or at the command or request of another servant having either express or implied authority to make such command or request, performs an act within the scope of the master's business, which would not, but for the command, lie strictly within the scope of the servant's particular employment, he will still, by reason of his obedience to the command, be deemed to be acting within the line of his duty and employment, since the command given by the master, or by another servant having authority to give such command, will serve to enlarge the scope of the employment to include the act done in obedience thereto. 39 C. J. 277, § 402. Thus, where a servant was employed by a dairyman to work on a delivery truck, and, at the command of another servant of the master, who, according to the petition, was "acting within the scope of his authority and in and about his master's business," in giving such command, and was, according to the petition as amended, "general superintendent of the dairy farm owned by the defendant," started a fire in a furnace maintained by the master for the purpose of heating water for use in the operation of his dairy, the servant must be held to be within the general scope of his employment in doing such act, although his ordinary duties pertained to other matters of his master's business.

2. It is a well settled principle of law. that, except in cases falling within statutory exceptions, a master is not liable to one servant for an injury arising from the negligence or misconduct of other servants about the same business (Civil Code of 1910, § 3129), and that "a workman, although he may have direction of the labor performed, is not a vice-principal, but stands on the same footing as a mere fellow servant." *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (45 S. E. 220) ; *Cedartown Cotton Co.* v. *Hanson*, 118 *Ga.* 176 (44 S. E. 992) ; *Whitfield* v. *Louisville & Nashville R. Co.*, 7 *Ga. App.* 268, 270 (66 S. E. 973). Thus, where a fellow servant does not occupy the status of a vice-principal, and is not engaged in the performance of the nonassignable duties of the master (*Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609 (2), 615 (56 S. E. 839, 10 L. R. A. (N. S.) 772), but of his own volition gives a negligent command which is obeyed by another servant, and proximately causes an injury to the latter, the injured servant can not recover. *Walters* v. *Berry Schools*, 40 *Ga. App.* 751 (151 S. E. 544). But this rule can not have application where the fellow servant, with the express or implied authority of the master, assigns another servant to a task for which he was not specially employed, and which is to be performed in the manner and by the means provided by the master, and the command given thus serves merely to enlarge the scope of the employment and duties of the recipient of the command. In such latter case the fellow servant giving the direction must be treated as the medium by which the master's order was transmitted, and the order itself as emanating from the master.

3. "If there are latent defects in machinery, or dangers incident to an employment unknown to the servant, of which the master knows or ought to know, he must give the servant warning in respect thereto." Civil Code (1910), § 3130. This is especially true where the servant

is a child of tender years, since, while it is the general rule that a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself (Civil Code, § 3131), a child of tender years, under the age of fourteen, assumes only such ordinary risks of his employment as he is capable of appreciating and understanding, and a master who, by himself or through an authorized agent, directs such a child to do an act which, if performed according to the means and method provided by the master, would be attended with danger, owes the duty of warning him of the dangers incident to its performance, and in doing so must take into consideration the child's incapacity to appreciate and understand danger. *Eagle & Phenix Mills* v. *Moncrief*, 17 *Ga. App.* 10 (2) (86 S. E. 260). In such a case the duty incumbent upon the child is to exercise due care according to his age and his own actual capacity, rather than the ordinary care exacted by the general rule of every prudent man. Civil Code (1910), § 3474; *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397 (2) (7 S. E. 912, 12 Am. St. R. 320); *Canton Cotton Mills* v. *Edwards*, 120 *Ga.* 447, 449 (47 S. E. 937); *Western & Atlantic Railroad* v. *Reed*, 35 *Ga. App.* 538, 542 (134 S. E. 134); *Kendrick* v. *High Shoals Mfg. Co.*, 21 *Ga. App.* 315 (94 S. E. 287); *Clary Maytag Co.* v. *Rhyne*, 40 *Ga. App.* 72 (151 S. E. 686).

4. Accepting as true all the allegations of the petition, which, for the purpose of dealing with the demurrer, must be done, and applying the foregoing principles of law to the facts alleged, where it is shown that the plaintiff, a child of twelve years, was employed by the defendant, a dairyman, to work on a delivery truck, and that the "general superintendent of the dairy farm," while "acting within the scope of his authority and in and about his master's business," ordered the child to start a fire in the furnace maintained by the defendant for use in the operation of his dairy, and the child undertook to comply with such command, using for such purpose gasoline kept on hand by the master near the front of the furnace for the purpose of being thus used, and which had been thus used by the employees in starting fires in the furnace, and where it appears that the employee of tender years was injured when the gasoline exploded on account of fire left in the furnace, of which he was unaware, and where it was alleged that the plaintiff was inexperienced in starting fires with gasoline and did not know the danger incident thereto, and where negligence was charged against the defendant in allowing gasoline to be placed at the furnace for use in starting fires, in directing, through his agent, the plaintiff to start such fire, knowing that the use of gasoline in so doing was dangerous, and in failing to warn the plaintiff of the danger of using gasoline in starting the fire, the petition set forth a cause of action as against a general demurrer, and the court erred in sustaining the general demurrer and dismissing the suit. Since the grounds of the special demurrer were not passed upon by the court below, they are not here dealt with.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MAY 17, 1930.

512

*J. H. Kennerly, Taylor Smith,* for plaintiff.
*Etheridge, Peck & Etheridge,* for defendant.