## DANIEL *v.* FORSYTH.

The evidence offered by the plaintiff in the present case not being sufficient to authorize a recovery in his behalf, the granting of a nonsuit was proper.

Argued December 14, 1898. — Decided March 4, 1899.

Action for damages. Before Judge Reid. City court of Atlanta. March term, 1898.

*Reed & Hartsfield* and *L. R. Ray*, for plaintiff.
*Mayson & Hill*, for defendant.

COBB, J. Daniel brought suit against Forsyth, alleging in

his petition that on April 16, 1896, he was in the employment of the defendant, engaged in shingling the roof of a house; that the defendant ordered plaintiff to go upon a certain scaffold and nail shingles to the roof of the house; that plaintiff complied with this command, and had nailed but a few shingles when the scaffold gave way and plaintiff fell to the ground, sustaining severe injuries. It is alleged that the scaffold was built by the superintendent of the defendant in a careless and negligent manner, for the reason that the foot-board was a 1x10 or 1x12 inch board about 12 or 16 feet in length, and the braces were three or four shingles in an almost upright position against the board, whereas 1x3 strips or weatherboarding of sufficient length and strength should have been used for braces. The petition further alleges that plaintiff was an inexperienced man in working on scaffolds and on roofs, and that he did not know at the time that said scaffold was built in an unsafe and negligent manner, nor was he warned by the defendant of the danger. Defendant well knew that his superintendent was a careless and incompetent man, and retained him in his employment after he had notice of the fact; and if defendant did not know this fact he should have known of it. Plaintiff did not at the time of receiving the injuries know that the superintendent was a careless and incompetent man. Plaintiff is fifty-three years old, and his earning capacity has been reduced one half. The petition charges that it was gross negligence on the part of the defendant to order him to work upon a scaffold that was unsafe and dangerous; that it was gross negligence not to warn plaintiff, who was inexperienced, of the danger in going upon the scaffold; and that defendant was grossly negligent in retaining in his employment a negligent and incompetent superintendent. By amendment it is alleged that it was the duty of defendant to have made the scaffolding so strong and to fasten it so securely that it would safely support the weight of all persons put to work thereon, together with the supply of shingles necessary to keep the force then engaged in covering the roof, but that defendant neglected his duty in this respect and permitted the scaffolding to be so weak and insecurely fastened that it was unsafe and dangerous, and while plaintiff was upon

it engaged in the performance of his duty the scaffolding gave way and caused the fall and injuries alleged. By another amendment the plaintiff alleged that before receiving the injuries he earned by his labor two dollars per day, and also alleged that he had received certain other injuries not enumerated in his original declaration, and which he alleged were permanent. The defendant answered, admitting the employment of plaintiff as alleged, but denied all of the allegations as to injuries and negligence. At the trial the evidence for the plaintiff was, in substance, as follows: He was employed by defendant to nail on shingles as alleged. Defendant was present where the plaintiff was at work, and ordered plaintiff to begin work at a certain place on the roof. There were two other men at work on the staging on which plaintiff was ordered to work. They moved out of the way to make room for plaintiff, and went to the other end. Plaintiff got upon the staging between the two men and began nailing on shingles. He had not nailed on more than eight or ten shingles when the scaffold broke. The staging was made of one plank about 1x12x16 feet, braced with shingles nailed to the roof. This plank extended about half way the roof, where it met another plank of the same size and braced in the same way. The staging in falling broke loose the two lines of staging below it, and all the persons on the staging fell to the ground. Plaintiff fell a distance of about sixteen feet. There were 150 or 200 shingles on the staging at the time it fell. Plaintiff did not build it, nor did he see it built. Defendant was present nearly all of the time and at work. He helped to work and gave directions. All the orders plaintiff received were from the defendant. Plaintiff did nothing to make the staging fall. He took no notice of the staging as to how it was built, but, as he knew defendant was in a hurry to finish the work before the rain, went around and climbed up over several lower rows of staging and went to work. Plaintiff was fifty-two years old at the time he received the injuries complained of. His regular business was sawmilling, in which business he had been engaged for thirty years. There was also testimony that plaintiff's injuries were severe, and that his earning capacity had been greatly re-

duced.   There was testimony of a witness, who was a carpenter, to the effect that he always made staging secure for as many as would be put on it; that staging ought to be built strong enough to support whatever quantity of people would be put on it.   Witness makes his staging out of 2x4 scantling, braced against the roof.   This makes a secure staging.

At the conclusion of the testimony the court granted a nonsuit, and to this ruling the plaintiff excepted.

There was no error in granting the nonsuit.   The evidence shows that the plaintiff was a man fifty-two years of age, and that he had been engaged in sawmill work for thirty years. There is evidence that he was inexperienced so far as nailing on shingles was concerned, but there is no evidence from which a jury would be authorized to find that he was such an inexperienced man that he could not tell that a plank sixteen feet long braced to the roof of a house with three or four shingles was not sufficiently safe for three men to go upon it, when in addition to this weight there were from 150 to 200 shingles on the staging.   If the plaintiff knew the staging was unsafe and yet went upon it, he can not recover.   If he ought to have known of the unsafe condition of the staging and did not, he can not recover.   *White* v. *Kennon*, 83 *Ga.* 343.   It is certain that the jury would not have been warranted in saying that plaintiff ought not to have known of the unsafe condition of the staging.   But even if plaintiff was free from fault, the evidence does not distinctly show that defendant himself built the staging, or that it was constructed in an improper manner, or that he furnished for that purpose material that was unsuitable. This being so, the following rule laid down in the case of *Hazlehurst* v. *Brunswick Lumber Co.*, 94 *Ga.* 535, is applicable to the present case: "The evidence showing that the danger of the work in which the plaintiff was voluntarily engaged must have been as obvious to himself as to his employer; that there was no emergency requiring him to expose himself to the danger; and that, if free from fault himself, the negligence, if any, which resulted in his injury was that of a fellow-servant, he was not entitled to recover."   The following rule is also applicable: "A servant is bound to exercise his own skill and judg-

ment, so as to protect himself in the course of his employment, and the master is not regarded generally as warranting his safety. He is himself bound to exercise proper care, and can not claim indemnity from the master for an injury resulting to him which might have been prevented if he had himself been reasonably vigilant." *Nelling* v. *Industrial Mfg. Co.*, 78 *Ga.* 260. Moreover, there is no evidence showing that the staging from which the plaintiff fell was braced in an unusual or improper manner. An expert witness does say that he braces his staging with scantling; but it does not follow that that is the usual way of bracing it. "When one enters the service of another, he impliedly assumes the usual and ordinary risks incident to the employment about which he is engaged." *Worlds* v. *Railroad Co.*, 99 *Ga.* 283. We think therefore that the plaintiff has failed to make out a case which would authorize a verdict in his favor. The testimony introduced in his behalf falls short of the case made by his declaration.

*Judgment affirmed. All the Justices concurring.*