### 104.   BECK, by next friend, *v.* STANDARD COTTON MILLS.

1. Although in this State, prior to the adoption of the child-labor law of 1906, the proprietor of a cotton factory might, without violating any criminal statute, and consequently without thereby being guilty of negligence per se, employ in such factory a child of tender years, yet even then such employer was held to a high degree of care in protecting such a child from danger.
2. Children under fourteen years of age so employed are not to be held liable for contributory negligence, except for a failure on their part to exercise that degree of care and diligence which their mental and physical capacity fits them for exercising; nor are they to be considered as having assumed the risk of ordinarily patent, obvious, and known dangers, not within the scope of their capacity to appreciate and to avoid.

3. A master employing as his servant, in a dangerous occupation, a child of tender years, owes to such child not only the duty of warning him of the dangers, but also of taking such additional precautions against the child's forgetfulness of warnings, his incapacity to appreciate dangers, and other natural childish tendencies, as will reasonably insure his safety.

4. The court erred in awarding a nonsuit.

Action for damages, from city court of Polk county—Judge Irwin. February 9, 1906.

Argued February 11,—Decided February 21, 1907.

*J. A. Wright, Seaborn & Barry Wright,* for plaintiff.

*Bunn & Bunn, W. H. Trawick,* for defendant.

POWELL, J. The facts of this case are very similar to those related in *Canton Cotton Mills* v. *Edwards,* 120 *Ga.* 447. The plaintiff was a boy ten years old, employed to work in the defendant's cotton factory at night, as a sweeper. He had temporarily gone from the room in which he should have been into the adjoining room, where it was customary for him to hang his coat and lunch pail. While unnecessarily—let it be conceded—passing one of the machines, he saw a lap of cotton rolling out and dropping to the floor; and, unconscious of the danger in so doing, he picked up the cotton and attempted to place it back into the machine, when his hand was caught and severely mashed and mangled. The master's failure to specifically warn the boy of the danger of handling the machines, and also the boy's own incapacity to appreciate the dangers, were sufficiently shown. The foreman of the room in which the boy was hurt was not present at the time of the injury, nor did any one else do anything to prevent the boy's engaging in the youthful indiscretion. At the conclusion of the testimony of the plaintiff, the court awarded a nonsuit.

1. This cause of action arose prior to the enactment by the General Assembly of this State of the child-labor law of 1906, which in terms would have prohibited the employment which existed in the present case. Had that law been in force, the very employment itself would have been negligence per se on the defendant's part. However, prior to the adoption of that salutary statute, the reasons for not employing children of tender years in dangerous occupations were just as strong as they are now. The courts knew, even before the legislature declared it to be so, that such employments

were fraught with great danger to children, and that from the nature of things these infants would not ordinarily be endowed with such discretion as to prevent injuries to themselves. Therefore the law has always placed upon masters the duty of exercising a higher amount of care in protecting young infant servants from danger than is required in cases of servants who have reached the age of discretion. Labatt, M. & S. §19; Thomp. Neg. 978; Cleveland Rolling-Mill Co. *v.* Carrigan, 3 L. R. A. 385 (46 Ohio St. 283), and cases cited in the footnote. In the case just cited the court says: "The almost universally accepted doctrine is that the care to be observed to avoid injuries to children is greater than that in respect to adults. That course of conduct which would be ordinary care when applied to persons of mature judgment and discretion might be gross, and even criminal, negligence toward children of tender years. The same discernment and foresight in discovering defects and dangers can not be reasonably expected of them, that older and experienced persons habitually employ; and therefore the greater precaution should be taken where children are exposed to them."

2. In cases of such employments there is an inverse ratio existing between that care which the law exacts of the master and that which it expects from the child servant. Take as the normal phase that ordinary degree of reciprocal care existing between the master and the servant who has reached the age of discretion, and required of each party for the servant's protection, and it will be seen that if we substitute into the proposition a new subject-matter of protection,—a child of tender years,—just in proportion as the degree of care required of the master departs from the standard by an enlargement, so the amount of prudence exacted from the infant servant diminishes. In the case at bar, if the servant had been above the age of fourteen, there is no doubt that the nonsuit would have been proper. An adult servant who voluntarily leaves safety and courts danger should not ask his master for indemnity for injuries so occasioned. A child, however, has the temptations of indiscretions, without the mental capacity to appreciate the folly of yielding to them. The law, though it applies the doctrine of contributory negligence to cases of children of tender years, yet modifies it in accordance with their physical and mental capacities; likewise when the conduct of such children is viewed from the

juridical aspect of the assumption of the risks of employment, a similar modification is made. *Canton Cotton Mills* v. *Edwards,* 120 *Ga.* 447; *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (6); Civil Code, §2901.

3. The principle stated in the third headnote, that a master employing a child of tender years in a dangerous occupation owes to him the duty of warning, and often of taking additional precautions for preventing the child's injuring himself, is deduced directly from the decision in the case of *Canton Cotton Mills* v. *Edwards,* supra. There the Supreme Court says: "The petition alleged that the plaintiff was ten years old, ignorant of the character of the machine and of the danger of working therewith as he had seen others do; that he had not been warned; that he was incapable of appreciating, remembering, or acting upon any warnings that might have been given him; and that the company was not only negligent in failing to warn plaintiff, but also in failing to guard its machinery so as to make the factory safe as a place in which to work. These allegations made it proper to overrule the demurrer."

4. We conclude that the trial court erred in awarding a nonsuit. It is true that when the case of *Evans* v. *Josephine Mills* came to the Supreme Court the second time (124 *Ga.* 318), it was decided that under the facts of that case nonsuit was proper. In that opinion it is demonstrated that no negligence of the master operated as the proximate cause of the injury. In this case the master's negligence prima facie appears, and its connection with the injury seems proximate. Not even warning to the boy is shown; no other precautions were taken against the child's naturally to be expected indiscretion, which his age and boyish tendencies tempted him to commit. Contributory negligence could not be determined against him on nonsuit; for, as the Supreme Court says in the *Canton Mills* case, supra, "The question of capacity . . is not to be determined as a matter of law by the courts, but as a matter of fact by the jury, applying the principle involved in the Civil Code, §2901, which declares that 'Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation.' "          *Judgment reversed.*