### 280.  QUINN *v.* ALLEN.

1. Where a servant brings a suit against the master to recover damages for personal injuries, the petition should set out issuable facts constituting not only negligence on the part of the master, causing the injuries, but due care on the part of the servant; and it must also appear, from the allegations, that the injured servant did not know, and had not equal means of knowing all that is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof.

2. The facts set out in the petition in this case and relied upon as constituting culpable negligence being insufficient to meet the requirements of the law as set out in the foregoing note, there was no error in sustaining a demurrer thereto, and in dismissing the petition.

Action for damages, from city court of Atlanta—Judge Reid. November 24, 1906.

Argued April 9,—Decided May 16, 1907.

*S. D. Johnson, R. O. Lovett,* for plaintiff.

*Kontz & Austin,* for defendant.

HILL, C. J. Quinn brought suit against Allen for damages. The court sustained a demurrer to the petition, and this is the error assigned. The facts alleged in the petition are substantially as follows: Quinn was employed as a painter, by Allen, on a house which was in process of construction, the carpenter work thereon being done by day labor hired by Allen, and under his direction and supervision. The plaintiff had to go from one part

of the second story of the house to another, in doing his work, and the only way for him to pass along the second floor was by stepping from joist to joist, as no plank or flooring was at that time laid on the joists. In doing so, he stepped on one of the joists, and it turned under him, causing him to lose his balance; and, to save himself from falling, he jumped upon a plank, which was laid across some other joists near by, and the plank broke under him and he was precipitated to the ground floor of the house, some twelve feet, and sustained the injuries for which he sued. In an effort to meet a special demurrer, the plaintiff amended his petition by stating, that he was going across the said second story to do some painting on the other side of the house, and there was no other way for him to cross to get to the place where he had to do such work; that the building on which he was working at the time of the injury was not completed on the second floor, only the sleepers and joists having been placed therein, and there were no steps leading to the second floor; that the defendant was desirous of having the work on the second floor rushed, and knew that the plaintiff, in the discharge of his work, would have to use the joists as a footway, in passing from place to place where his work required him. The negligence alleged in the petition is, (1) "that said Allen was grossly negligent in the manner in which he caused the joists to be placed on the second floor of the house, in that the same were not braced in the center, or made fast to the plates at the ends, where they rested on said plates;" (2) in leaving the joists in an insecure and dangerous condition; that ordinary care required the defendant to have the joists fixed in an ordinarily safe manner so as not to endanger the plaintiff. And it is further alleged that the condition of the joists was unknown to the plaintiff.

Disregarding the mere conclusions of the pleader, and considering only the facts set out and relied upon to constitute negligence, we think the allegations were insufficient to show liability of the master. On the contrary, the allegations, while fully exonerating the master, indicate very clearly culpable negligence on the part of the servant, causing the injuries complained of. The house was in process of construction. It was necessary to place the joists in position, in order to support the flooring; and it necessarily required some little time to brace and secure them so that

it would be safe to walk upon them. Even if it be assumed that the master was negligent in not having the joists fastened in such a manner as to make them safe to walk on, although it is obvious that joists are not made to walk on, yet it is perfectly apparent that the plaintiff had equal means with the defendant of knowing that the joists were not fastened, and by the exercise of ordinary care could have discovered that fact. A glance at the joist before he stepped upon it would have shown him that the joist was not braced or fastened, and was insecure. Under these circumstances, in stepping on the joist, he assumed the risk consequent upon such negligent act.

When a servant brings suit against his master for personal injuries, it is incumbent upon him to show not only negligence on the part of the master, as the proximate cause of the injuries, but due care on his own part; and it must also appear, by the allegations of the petition, that the servant injured did not know, and had not equal means of knowing, all that which is charged as negligence to the master, and, by the exercise of ordinary care, could not have known thereof. There was no error in sustaining the demurrer to the declaration. Civil Code, §2612; *Ludd* v. *Wilkins,* 118 *Ga.* 525; *Daniel* v. *Forsyth,* 106 *Ga.* 568.

*Judgment affirmed.*