## 1447.  RIVERSIDE MILLS v. BROOKS.

The master is not, under his general duty of respecting the servant's safety, held to the same quantum of care in the erection of platforms and scaffolds intended only for temporary use as he is in the building and maintenance of more permanent structures. If the servant is hurt by reason of the fact that, while he and fellow servants are attempting to handle a heavy object upon a temporary work-scaffold consisting of planks laid loosely upon work-horses, the fellow servants walk back upon that portion of the planks lying beyond the support of the work-horses so that the planks tilt up and knock the servant off, his injury is to be attributed to the negligence of the fellow servants, or to one of the assumed risks of the service. In such a case the leaving of the planks unfastened is ordinarily not an act of negligence on the part of the master.

Action for damages, from city court of Richmond county—Judge Eve.  September 28, 1908.

Submitted December 10, 1908.—Decided April 15, 1909.

*Joseph B. & Bryan Cumming,* for plaintiff in error.

*F. W. Capers,* contra.

POWELL, J.  Brooks sued the Riverside Mills, alleging, in substance, that the defendant directed the overhead shafting, in one of the loom rooms of its factory, removed for the purpose of making some changes therein; that in order for the workmen to reach this shafting, a temporary scaffold was provided, consisting of three work-horses or benches placed in a line, a short distance apart, upon which was placed a flooring of planks; that the plaintiff had been assigned by the defendant to work in the picker room, and on the day of the injury was called therefrom and directed to take his place on this elevated platform and assist in removing this shafting to the floor; that he and the other workmen had removed the shafting to the floor, where the necessary changes were made, and at the time of the injury were in the act of replacing the shafting into the hangers overhead; "that the platform aforesaid was longer than the shafting; and that portion of the platform which was immediately under the overhead hangers was beyond the middle of the said platform; that the plaintiff and one other hand were handling one end of the shafting, and two or more hands were handling the other end of the shafting, carrying it to its position under the overhead hangers, to lift it into its place; that as soon as the hands having in charge the farther end from plaintiff of the shafting aforesaid passed

beyond the middle of the said platform, carrying to the said farther end the greater weight, the planks, having been left negligently unsecured, flew up, plaintiff was knocked from his position on the platform to the floor, the planks of the platform and the shafting fell on him, knocking him unconscious [and inflicting other enumerated injuries]; that at the time this plaintiff received his injuries aforesaid, he was in the careful discharge of his duties, acting under the orders of the defendant, and was free from fault; that the injuries received as aforesaid were due to the negligence of the defendant in neglecting and failing to provide for this plaintiff a safe place on which to work, and in assigning him to duty thereon without warning him of its dangerous character; that the plaintiff had no connection with the construction of the said platform, had no duty therewith, and was ignorant of its dangerous character, when he obeyed the order of the defendant to stand on said platform." The defendant excepts to the overruling of a general demurrer to the petition.

We are of the opinion that this case falls within the rules announced in *Daniel* v. *Forsyth,* 106 *Ga.* 568 (32 S. E. 621), *Ludd* v. *Wilkins,* 118 *Ga.* 525 (45 S. E. 429), *Bolden* v. *Central Ry. Co.,* 130 *Ga.* 456 (60 S. E. 1047), and *Quinn* v. *Allen,* 1 *Ga. App.* 807 (57 S. E. 957); and that the general demurrer should have been sustained. It is distinguishable in its facts from those cases in which the servant has been allowed to recover for injuries received through defects in the construction of platforms and stagings intended for more than temporary use. There is no suggestion that the temporary platform erected in the present case was in any wise different from the ordinary temporary scaffold commonly used for the purpose of attending to some transitory overhead work. There is nothing intricate or hard to understand about a platform consisting of three work-horses or benches placed in a line at a short distance from one another, with planks laid loosely thereon. Every man of ordinary experience and common powers of observation knows, or can ascertain from superficial observation, the nature and the dangers, if any, of this form of construction. It does not require any expert to know that if the weight upon the platform is imposed upon that part of the plank which lies beyond the support of the work-horse, the equilibrium is likely to be destroyed, so as to cause the planks to fly up. No reason is

alleged in the present petition why the master should have taken the unusual precaution of nailing down the planks, or why the servant should have had any reason to believe that the planks were nailed down. Planks upon temporary scaffolds of this kind are not usually nailed down; the natural inference arising in the mind of any man of ordinary intelligence and experience upon approaching such a platform is that the planks are unsecured; and this petition suggests no reason why the plaintiff conceived any other notion. It would be far fetched indeed to say that the master ought to have foreseen that any servant would presume that the planks were nailed down.

Indeed, it may be said with all fairness that the proximate cause of the plaintiff's injury was not the fact that the planks were left unsecured, for that was but a part of the natural order of things, but that the proximate cause of his injury was that his fellow servants, without exercising due caution, stepped back with their load upon that part of the planks which lay beyond the support of the work-horse. The master, of course, is not responsible for the negligence of fellow servants in cases of this kind. The plaintiff as well as his fellow servants should be held derelict if they failed to observe and act upon familiar laws of nature applicable to the work at hand. See *Worlds* v. *Ga. R. Co.*, 99 *Ga.* 283 (25 S. E. 646). If, as the plaintiff alleges, the planks were so placed on the work-horses that the carrying of the greater weight to one end would cause the other end to "fly up," then the law of nature applicable is one which even children playing seesaw thoroughly understand and appreciate. For a further discussion of the subject, see Labatt on Master & Servant, § 614, note 1 (a).                    *Judgment reversed.*