### 5990. BRYANT *v.* THE STATE.

BROYLES, J. 1. The failure of the court, in the absence of a timely written request, to charge the jury on a theory of the defense raised solely by the defendant's statement, was not error. *Carter* v. *State,* ante, 343 (83 S. E. 153); *Shelton* v. *State,* ante, 341 (83 S. E. 152); *Watson* v. *State,* 136 *Ga.* 236, 239 (71 S. E. 122); *Hawkins* v. *State,* 141 *Ga.* 212 (80 S. E. 711).

2. On the trial of two persons for robbery by force, when the evidence authorized but did not demand the conviction of one of them as principal in the first degree, and the conviction of the other as principal in

the second degree, it is prejudicial error, in the case of the latter, for the court to charge as follows: "If you should find that one of these defendants .suddenly snatched money from the person of the prosecuting witness, it would make no difference whether it was the total amount named in the bill of indictment, or a portion of it, without the consent of the person in possession and control thereof, but with his knowledge that something was being taken from his person, and it was taken from him so quickly that he could not stop it, and it was done with intent to steal,—if you find that one of these two did it and the other one knew about it, then both would be guilty of robbery by force. If only one did it and the other one did not know about it, then only that one who did it would be guilty of robbery by forcec." This part of the charge is clearly erroneous. For one to be guilty as a principal i nthe second degree, he must not only *know* that a crime is being committed, but must be present, aiding and abetting in the commission of it. Penal Code, § 42. It is true that in a former portion of the charge the law on this subject was correctly given in general terms, but as the erroneous statement of it came afterwards, when the law was being applied specifically to the case at bar, and was not corrected in the remaining portion of the charge, we do not think the harmful effect of the error was relieved. We are apprehensive that the jury was more impressed by the incorrect statement of the law, whn directly applied to the case then being tried, than it was with the correct, but abstract, statement of it previously made. See *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239). On account of the above error, the trial judge should have sustained the motion for a new trial.                              *Judgment reversed.*

DECIDED DECEMBER 24, 1914.

Indictment for robbery; from Chatham superior court—Judge Charlton. August 25, 1914.

*Shelby Myrick,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.