8470. KENDRICK v. HIGH SHOALS MANUFACTURING COMPANY.

WADE, C. J.  1.  The plaintiff, being a child less than 14 years of age, was not bound to exercise the ordinary care exacted of every prudent man, but only to exercise due care according to his age and capacity. "Such care as the capacity of the particular child enables it to use naturally and reasonably, is what the law requires." *Western & Atlantic Railroad Co.* v. *Young*, 81 *Ga.* 397 (2) (S. E. 912, 12 Am. St. R. 320). See also *Western & Atlantic Railroad Co.* v. *Young*, 83 *Ga.* 512 (10 S. E. 197); *Georgia Midland & Gulf Railroad Co.* v. *Evans*, 87 *Ga.* 673 (13 S. E. 580); *Linder* v. *Brown*, 137 *Ga.* 352 (73 S. E. 734); *Elk Cotton Mills* v. *Grant*, 140 *Ga.* 727 (5) (79 S. E. 836, 48 L. R. A. (N. S.) 656); *Gibbs* v. *Tifton Cotton Mills*, 15 *Ga. App.* 213, 220 (82 S. E. 921).

2. "Where the injured employee is a child of tender years, the master is bound to a higher degre of care." *Augusta Factory* v. *Barnes*, 72 *Ga.* 217, 218 (7) (53 Am. R. 838). The law recognizes a distinction between a master's duty to an adult employee, and the duty to an employee who, from youth or inexperience or other mental immaturity or infirmity, is less able to understand or guard against the perils to which he may be exposed in the course of his employment (*Davis* v. *Augusta Factory*, 92 *Ga.* 712, 713, 18 S. E. 974); and a master owes to an employee of tender years the duty of taking such extra precautions against his forgetfulness of warnings and incapacity to appreciate dangers, and other natural childish tendencies, as will reasonably insure his safety as against even such dangers as might be obvious to an adult employee who is in the exercise of ordinary care. See, in this connection, *Beck* v. *Standard Cotton Mills*, 1 *Ga. App.* 278 (57 S. E. 998); *Gibbs* v. *Tifton Cotton Mills*, supra; *Eagle & Phenix Mills* v. *Moncrief*, 17 *Ga. App.* 10 (2) (86 S. E. 260).

3. The trial court having previously instructed the jury that when the word "servant" was used in the charge they would understand that the same referred to the injured minor, it was error to instruct the jury that "the law defines the duty of a servant as follows: A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself." The court likewise erred in instructing the jury that "in this case the law required of the master the exercise of ordinary care and diligence, and the failure to exercise such care and diligence would constitute negligence;" and in further instructing them that "the master is in duty bound to exercise ordinary care in furnishing machinery equal in kind to that in general use and reasonably safe for all persons who operate it with ordinary care and diligence;" and likewise in instructing them that "if the plaintiff, the law says, by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, if shown, he is not entitled to recover." These instructions, as well as others contained in the charge to the jury, placed upon the injured child the burden of exercising "ordinary" care instead of the "due" care exacted by law of a person of his age, experience, intelligence, etc., and

likewise bound the master to the exercise of no more than ordinary diligence, notwithstanding the tender years of the plaintiff, and constituted harmful error.

(a) Elsewhere in the charge, though not in connection with the excerpts quoted or referred to above, the court charged the jury that "due" care, taking into consideration the tender years, etc., of the child, was required of the injured minor, but nowhere was the broad contrary instruction that the servant was bound to exercise "ordinary" care, nor the other instructions on this line, expressly retracted, nor were any of the modifications of the rule of diligence on account of the tender years of the servant stated in such close connection with these erroneous general instructions and definitions as probably to remove altogether the harmful effects thereof and prevent natural confusion in the minds of the jury as to what degree of diligence was actually required of the servant.

(b) Likewise, the court elsewhere instructed the jury that there was "some distinction between the duty which a master owes his adult servant, or employee who, from his youth and [in]experience or other mental immaturity or infirmity, is not able, without instruction, to understand the perils to which he is exposed in the course of his employment," but he simply defined this difference to be that "as to the latter class of servants the master must give them instructions with regard to the dangerous character of the machinery with or about which they are employed, and of the means necessary to avoid these dangers," thus charging the master with the additional duty only of warning a minor employee, whereas "a master employing as his servant, in a dangerous occupation, a child of tender years, owes to such child not only the duty of warning him of the dangers, but also of *taking such additional precautions* [italics ours] against the child's forgetfulness of warnings, his incapacity to appreciate dangers, and other natural childish tendencies, as will reasonably insure his safety." *Beck* v. *Standard Cotton Mills*, supra. Nowhere else in the charge was it suggested that the master owed any other duty (than that of warning him) to a youthful employee, beyond the duty of ordinary care which he would owe to an adult servant or employee. See, in this connection, *Americus, Preston & Lumpkin Railroad Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105); *Atlanta, Knoxville & Northern Railway Co.* v. *Gardner*, 122 *Ga.* 82 (49 S. E. 818); *Western & Atlantic R. Co.* v. *Sellers*, 15 *Ga. App.* 369 (b), 370 (83 S. E. 445); *Bryant* v. *State*, 15 *Ga. App.* 535 (83 S. E. 795); *Savannah, Florida & Western Railway Co.* v. *Hatcher*, 118 *Ga.* 273 (45 S. E. 239).

4. The grounds of the motion for new trial involving the sufficiency of the evidence are not considered, and the various remaining special exceptions are either without any substantial merit, or are covered in effect by the rulings in the preceding headnotes.

*Judgment reversed. Jenkins and Luke, JJ., concur.*

DECIDED NOVEMBER 16, 1917.

Action for damages; from Walton superior court—Judge Brand. January 20, 1917.

*Middlebrooks & Pennington, T. H. Burruss Jr., Erwin, Rucker & Erwin, Walker & Roberts,* for plaintiff.

*Hal G. Nowell, J. H. Felker, A. C. Stone,* for defendant.