17249, 17250.  THRELKELD *v.* ANTHONY; and *vice versa.*

Irrespective of whether the evidence as to other defenses asserted in this
  case may have presented questions for determination by the jury, the
  evidence conclusively showed that the plaintiff servant had equal means
  with his alleged master of knowing of the alleged defect or danger
  which brought about his injury; and this being true, the court did
  not err in directing a verdict in the defendant's favor.

DECIDED DECEMBER 20, 1926.

Damages; from Fulton superior court—Judge E. D. Thomas.
January 11, 1926.

*C. N. Anderson,* for Threlkeld.   *A. L. Richards,* contra.

BELL, J.  Threlkeld brought suit against Anthony to recover
for personal injuries which he sustained when he fell from a
scaffold on which he was standing while working as a carpenter
on a building, the property of the defendant.  The plaintiff fell
because of the breaking of a plank in the scaffold on which he
was standing.  At the conclusion of the evidence on the trial
of the case, the court directed a verdict in favor of the defendant,
and to this ruling the plaintiff excepted.  The defendant pleaded
several defenses, one being that the house was being erected by
an independent contractor, one Rosser, for whom the plaintiff was
working.  Irrespective of whether, as to this defense or as to some
others, the evidence may have presented issues for the jury, we
think that under the evidence the plaintiff, as a matter of law,
could not recover, because it conclusively appears that he had
equal means with his alleged master of knowing the defect or
danger, if any, which caused his injury.  The following facts are
either as stated by the plaintiff or as shown by the undisputed evi-
dence:  The scaffold was built by the plaintiff's fellow servant.
Shortly afterward the plaintiff mounted it, and just as he was
beginning work from his position upon it, the plank broke and
he fell.  The fellow servant who built the scaffold had told the
plaintiff that it was "perfectly all right."  The plaintiff did not
see anything wrong with the scaffold on which he was standing.
None of the other scaffolds had broken with him.  The plank
which broke "looked to be a good two by four.  You could not
tell anything from the top of it, and there was not but about
eight feet between the brackets."  Both Anthony, the owner, and

Master and Servant, 39 C. J. p. 769, n. 74; p. 853, n. 93.

Rosser, who the defendant alleged was an independent contractor, but who the plaintiff contended was the defendant's agent, were absent at the time the scaffold was being build and until the plaintiff had sustained his injury. Nor, so far as appears from the evidence, was any other person present during this time except the plaintiff and his fellow servant who had built the scaffold. The above embraces all the evidence bearing upon the question of negligence or upon the opportunities of the plaintiff and the defendant to know of the condition which resulted in the plaintiff's injury. Now, assuming that the evidence is sufficient to show a defect of some kind in the plank which broke with the plaintiff, no other inference is possible under the evidence than that the plaintiff had equal means with the defendant, his alleged master, of knowing of the defect. Where this is true the servant is not entitled to recover for the alleged negligence of his master. The court, under the record, did not err in directing the verdict in favor of the defendant. Civil Code (1910), § 3131; *Callahan* v. *Atlantic Ice Co.*, 33 *Ga. App.* 330 (126 S. E. 278); *Riverside Mills* v. *Brooks,* 6 *Ga. App.* 67 (64 S. E. 282); *Daniel* v. *Forsyth,* 106 *Ga.* 568 (32 S. E. 621).

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*