## 25288. JORDAN *v.* BATAYIAS.

STEPHENS, J. 1. Whether or not a master is negligent in ordering a servant to work under conditions that are dangerous and hazardous to the servant may depend upon the capacity of the servant (due to his age or otherwise, known to the master) to appreciate the danger of the conditions of the employment. Since a minor twelve years of age does not, as a matter of law, possess the capacity to appreciate and apprehend dangers which are ordinarily patent and obvious to adult persons, an adult person, in ordering a minor of that age as his servant to work at a place and under circumstances where the minor is exposed to a danger which is patent and obvious to the employer, may, in so employing the minor, be guilty of negligence.

2. In a suit in behalf of a minor of twelve years, against an adult person, to recover damages from personal injuries to the minor as the proximate result of alleged negligence of the defendant, where it is alleged that an automobile, in which the defendant and the minor were riding, became stalled in the road, and that the defendant commanded and di-

rected the minor to get out and assist in pushing the automobile along the road, and the minor while complying with this command was run upon by another automobile, and as a result thereof received physical injuries, that the road at this place was only eighteen feet in width, and at the time was carrying "an unusually heavy amount of automobile traffic, and . . there was a continuous stream of automobiles being driven in both directions" along the road, that these conditions were hazardous and dangerous to the person of the minor, and were patent and known to the defendant, but on account of the extreme youth of the minor were not appreciated by him, and that the defendant, in thus exposing the minor to the conditions described, was guilty of negligence which proximately caused the injuries received by the minor, it does not appear as a matter of law that the minor was guilty of negligence proximately causing his injuries, but the petition sets out a cause of action. The court erred in sustaining the demurrer. Code, §§ 66-301, 66-303; *Beck* v. *Standard Cotton Mills*, 1 *Ga. App.* 278 (57 S. E. 998); *Kendrick* v. *High Shoals Mfg. Co.*, 21 *Ga. App.* 315 (94 S. E. 287); *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772); *Moore* v. *Ross*, 41 *Ga. App.* 509 (153 S. E. 575).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 18, 1936.

*Edwin J. Feiler,* for plaintiff. *Hester & Clark,* for defendant.