39925. A. F. KING & SON et al. v. SIMMONS.

Decided April 16, 1963.

*Shelby Myrick*, for plaintiffs in error.

*Lewis, Wylly & Javetz, Jack H. Usher*, contra.

Jordan, Judge. █ It is the general duty of an employer to use ordinary care to furnish his employees with tools and ap-

pliances reasonably suited to the use for which they are intended, and to use like diligence in inspecting them and keeping them in proper condition; and if there are latent defects in said instrumentalities, unknown to the employee, of which the employer knows or ought to know, it is his duty to give his employee warning in respect thereto. *Code* § 66-301; *Williams v. Garbutt Lmbr. Co.,* 132 Ga. 221 (64 SE 65). The employee, however, assumes the ordinary risks of his employment and is bound to exercise his own skill and diligence to protect himself; and in suits for injuries arising from the negligence of the employer in failing to comply with the duties imposed by *Code* § 66-301, the employee's petition in order to set forth a cause of action must set out issuable facts constituting not only negligence on the part of the employer, causing the injuries, but also due care on the part of the employee; and it must also appear from the allegations that the injured employee did not know, and had no equal means of knowing, all that which is charged as negligence to the employer, and by the exercise of ordinary care could not have known thereof. *Code* § 66-303; *Quinn v. Allen,* 1 Ga. App. 807 (1) (57 SE 957).

The petition in this case which alleged the fact of the employment relationship between the plaintiff and the defendant employer, the nature and manner of the occurrence of the plaintiff's injuries, and the defect in the instrumentality furnished the plaintiff by the defendant employer which allegedly caused the same, and which petition contained the allegations that the employer knew or ought to have known of said defect and that the plaintiff did not know of the same, and in the exercise of ordinary care could not have known of it, was sufficient to set forth a cause of action in behalf of the employee. *Southern States Portland Cement Co. v. Helms,* 2 Ga. App. 308 (58 SE 524).

The facts alleged in the plaintiff's petition did not contradict the legal conclusions, properly pleaded therein, that the defendant employer knew or should have known of the defective rung in the ladder furnished to the plaintiff and that the plaintiff did not know of the same and by the exercise of ordinary care could not have known of it, *Cedartown Cotton Co. v. Miles,* 2 Ga. App.

79, 82 (58 SE 289) ; and it cannot be said as a matter of law, as contended by the defendant employer, that the plaintiff under the allegations of the petition had equal means of knowing all that which was charged as negligence to the employer. The petition alleged that the ladder furnished the plaintiff by the defendant employer "was an old, discarded ladder that Baker had found on York Street, which some carpenter . . . had left behind and did not wish to use anymore," and the defendant employer was charged with negligence in giving to the plaintiff a ladder to use that had defective rungs which was not known to the plaintiff but should have been known by the defendant employer and in failing to warn the plaintiff that the ladder was not suitable and safe to use because it had been discarded. While the mere fact that the ladder had been "discarded" or left behind by another carpenter would not ipso facto show that the ladder was in a defective and unsafe condition, certainly, knowledge of that fact would invoke upon the defendant employer the duty of inspecting the ladder to determine its condition and suitability for use, and he would be chargeable with constructive notice of any defects in the ladder which could have been disclosed or ascertained by a reasonable inspection of the same; whereas, in the absence of such knowledge or of warning from the employer, the plaintiff employee was under no duty to inspect the ladder for the purpose of discovering defects which would not be discernible by mere observation. *Southern States Portland Cement Co. v. Helms,* 2 Ga. App. 308 (1d), supra; *Cochrell v. Langley Mfg. Corp.,* 5 Ga. App. 317, 324 (63 SE 244). Under these circumstances we do not think the trial court erred in overruling the general demurrers to the petition and in submitting the case to the jury to determine the question of liability or nonliability of the defendants.

■■■■ Headnotes 2, 3, 4 and 5 require no further elaboration.

■ Special grounds 6 and 7 of the amended motion for new trial assign error on two excerpts from the charge of the court in which the court submitted to the jury for their consideration certain principles of law relating to the doctrine of res ipsa loquitur. It is contended in these grounds that the doctrine of

res ipsa loquitur is not applicable to the facts of this case and that the court erred in submitting said principles in charge to the jury.

This court in *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788 (2) (64 SE 93) in discussing the doctrine of res ipsa loquitur, stated that "Where something unusual happens with respect to a defendant's property over which he has control, and by such extraordinary occurrence a plaintiff is injured (the occurrence being such as does not happen if reasonable care has been used), an inference may arise that the injury was due to the defendant's negligence." In *Palmer Brick Co. v. Chenall*, 119 Ga. 837, 842 (47 SE 329), it was held that the doctrine of res ipsa loquitur is applicable, under certain circumstances, in a suit by a servant against his master for damages resulting from the master's negligence but the court cautioned that the doctrine is rarely applicable in such case, and only when the manner of the occurrence producing the injury, or the attendant circumstances, are such that the jury may reasonably infer that the occurrence could not have taken place unless the master had been negligent in some respect in which the law required him to be diligent for the servant's safety. The doctrine is not applicable, however, "in any case between a master and a servant where the evidence accounts for and explains the cause of the occurrence or accident." *Mitchell v. Schofield's Sons Co.*, 19 Ga. App. 201, 207 (91 SE 275).

In applying the principles of the above decisions to the facts of this case, it cannot be said that the breaking of a rung of the ladder, which was furnished the plaintiff by the defendant employer, under the attendant circumstances, was an event of such extraordinary occurrence "as does not happen if reasonable care has been used"; and the mere fact that the ladder might have been defective, and that injury resulted therefrom, would not authorize the jury to infer that the employer was negligent in furnishing the ladder to the plaintiff for his use. See *Georgia &c. R. Co. v. Nelms*, 83 Ga. 70, 75 (9 SE 1049, 20 ASR 308).

In order to establish actionable negligence against the employer here it was necessary to show not only that the ladder was defective but also that the employer knew or in the exercise

of ordinary care should have known of the same. While it was for the jury's determination in this case as to whether the ladder furnished the plaintiff was defective, whether the defendant employer in the exercise of ordinary care should have inspected the ladder or cautioned the plaintiff to inspect the ladder before using the same and whether by the exercise of due diligence in inspecting the ladder the defective condition of the same could have been discovered, these were matters for determination by the jury solely upon all the facts and circumstances of this case without the aid of the inference of negligence embraced in the doctrine of res ipsa loquitur; and it was reversible error for the trial court to give the same in charge to the jury.

■ The remaining special ground assigns error on the excerpt from the charge of the court in which the judge charged the jury in regard to the doctrine of negligence per se, it being contended that said charge was confusing and misleading to the jury since under the facts of this case a charge on this principle of law was unauthorized. An examination of the record in this case discloses that there was no evidence which would authorize a finding that the defendants were guilty of negligence per se and the charge on this subject was therefore inappropriate. While it was alleged in the plaintiff's petition that the defendant employer had violated the provisions of *Code* § 66-301, which impose upon a master or employer the duty of using ordinary care in the selection of servants or employees, in furnishing machinery for their use, and in warning them of defects and dangers incident to their employment, and while it was a question for the jury's determination as to whether or not the defendant employer had violated the duty imposed upon him by this Code section in this case, the provisions of *Code* § 66-301 are too general and abstract for their violation by a master or employer to constitute negligence per se. As stated by this court in *Platt v. Southern Photo Material Co.*, 4 Ga. App. 159 (2a) (60 SE 1068): "If the lawmaking power, in dealing with a subject involving duties, goes into concrete specifications as to what shall or shall not be done, the court takes judicial cognizance that the precise duty exists, and that a breach of it is negligence. This is called negligence per se, in contradistinction to the wrongs or derelictions

that arise from violations of those duties which have received recognition in the law, but which have not been defined, or have been defined only in such general or abstract language that there must be a finding, as a question of fact (usually by a jury), that the particular transaction involves a violation of the duties so imposed, before the existence of negligence is to be regarded as established."

Since this case is being reversed on other grounds and is to be tried again, it is unnecessary to determine if the charge complained of was harmful to the defendants so as to constitute reversible error. See in this connection, *Willis v. Jones*, 89 Ga. App. 824, 827 (81 SE2d 517); *Cobb v. Coleman*, 94 Ga. App. 86, 89 (93 SE2d 801).

▪ Since the case is to be tried again, the general grounds are not ruled upon except to say that a verdict was not demanded for either party.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*