### 43087. HARRELL v. MAYFIELD.

Submitted September 8, 1967—Decided February 9, 1968.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Noland & Coney,* for appellant.

*Brown & Dollar, James R. Dollar, Jr.,* for appellee.

WHITMAN, Judge. The several enumerations are that it was error to overrule the defendant's motion to dismiss in the nature of a general demurrer.

The general rules of pleading supported by numerous negligence cases in Georgia, other than cases involving the relation of master and servant, are that a plaintiff is ordinarily not required in his petition to negative a defense of contributory negligence (*Shipman v. Johnson,* 87 Ga. App. 538, 542 (74 SE2d 557); *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 377 (124 SE2d 688); *Fricks v. Cole,* 109 Ga. App. 143, 146 (135 SE2d 512)), but a demurrer to the petition is proper and will be sustained if the allegations of the petition clearly show that the plaintiff was at fault and could by the exercise of ordinary care have avoided the consequences. *Abrams v. City of Waycross,* 114 Ga. 712 (40 SE 699); *Williams v. Owens,* 85 Ga. App. 549 (69 SE2d 787); *Misenhamer v. Pharr,* 99 Ga. App. 163 (1) (107 SE2d 875).

But the rule is different in suits brought by a servant against his master for personal injuries sustained while acting within the scope of employment. The servant must affirmatively plead his own diligence. "In suits for injuries arising from the negligence of the master, when the dereliction of duty consists in the failure to provide a safe place to work, or a failure to warn the servant of an unknown danger, the servant must not only make it appear that the master failed to perform his duty to furnish him a safe place to work, or warn him of an unknown danger, but also that the servant injured did not know and had not equal means of knowing of the defective condition of the instrumentality em-

ployed or of the danger, and by the exercise of ordinary care could not have known thereof; and it is necessary to allege these facts in the complaint." *Dunbar v. Hines,* 152 Ga. 865, 871 (111 SE 396) ; *Holman v. American Automobile Ins. Co.,* 201 Ga. 454 (2) (39 SE2d 850) ; *Quinn v. Allen,* 1 Ga. App. 807, 809 (57 SE 957) ; *Day & Co. v. Graybill,* 24 Ga. App. 524 (101 SE 759) ; *Ogain v. Imperial Cafe,* 25 Ga. App. 415 (103 SE 594) ; *A. F. King & Son v. Simmons,* 107 Ga. App. 628 (1) (131 SE2d 214). The reason for requiring such affirmative allegations by the servant is because the principles of equal opportunity for knowledge and assumption of risk are involved.

Construing the allegations of plaintiff's petition most strongly against him (as we must on general demurrer), the petition does not allege due care on the plaintiff's part nor does it appear that the plaintiff did not know and had not equal means of knowing all that is charged as negligence to the master. The general allegations that plaintiff had limited vision and a reduced mental competence which limited his working ability cannot, without more, substitute for the aforesaid requirements. This holding is not in conflict with *Jordan v. Batayias,* 53 Ga. App. 538 (186 SE 451), relied on by defendant, wherein the court held that a minor twelve years of age, acting as a servant, does not as a matter of law possess the capacity to appreciate and apprehend dangers which are ordinarily patent and obvious to adult persons. The petition in the present case alleges plaintiff is 36 years of age.

The court erred in overruling the defendant's motion to dismiss the petition.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*