**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 28, 2019**

# In the Court of Appeals of Georgia

A19A0446. LAKESHORE CONTRACTING, LLC v. LOPEZ-HERNANDEZ.

GOBEIL, Judge.

After he was injured by a fall from an allegedly defective ladder that he claims was provided to his employer by Lakeshore Contracting, LLC ("Lakeshore"), Bernardo Lopez-Hernandez filed suit against Lakeshore in Crisp County Superior Court, seeking to recover for his injuries. Lakeshore now appeals from the trial court's denial of its motion for summary judgment, arguing that Lopez-Hernandez failed to come forward with any evidence to create a jury question on the issue of Lakeshore's liability. Specifically, Lakeshore contends that Lopez-Hernandez failed to come forward with any evidence showing either that Lakeshore had actual or constructive knowledge of the ladder's allegedly defective condition or that

Lakeshore owed Lopez-Hernandez any duty to provide him with a "safe working environment." Lakeshore further contends that the undisputed evidence shows that Lopez-Hernandez failed to exercise ordinary care for his own safety. For reasons explained more fully below, we agree with Lakeshore that Lopez-Hernandez failed to come forward with any evidence that Lakeshore had actual or constructive knowledge of the ladder's alleged defect. Accordingly, we reverse the trial court's order and remand for entry of judgment in favor of Lakeshore.

On an appeal from the grant or denial of a motion for summary judgment, we review the record de novo, construing the evidence in the light most favorable to the non-movant. *Samuels v. CBOCS, Inc.*, 319 Ga. App. 421, 422 (742 SE2d 141) (2012). And when conducting that review, we bear in mind that to prevail on a motion for summary judgment:

> the moving party must show that there is no genuine dispute as to a specific material fact and that this specific fact is enough, regardless of any other facts in the case, to entitle the moving party to judgment as a matter of law. When a defendant moves for summary judgment as to an element of the case for which the plaintiff, and not the defendant, will bear the burden of proof at trial the defendant may show that [it] is entitled to summary judgment either by affirmatively disproving that element of the case or by pointing to an absence of evidence in the record by which the plaintiff might carry the burden to prove that

element. And if the defendant does so, the plaintiff cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Beale v. O'Shea*, 319 Ga. App. 1, 2 (735 SE2d 29) (2012) (citation and punctuation omitted).

Viewed in the light most favorable to Lopez-Hernandez, as the non-movant, the record shows that Lakeshore is a general contracting company that builds and remodels both residential and light commercial properties. Lakeshore's sole owner is Greg Walker, and the company has no employees other than Walker. Thus, Walker subcontracts most of the jobs that Lakeshore is hired to perform. In May 2016, Quality Solutions, Inc. hired Lakeshore to repair a damaged wall at a Verizon Wireless store in Newnan. Lakeshore subcontracted the job to Danny Montana, and Montana, in turn, hired Lopez-Hernandez and Wilson Coca to assist him with the project.[1]

---

[1] Lopez-Hernandez testified that on the night in question, he was working for Danny Montana, and he was paid for his work by Montana. Additionally, Walker testified that he had hired and paid only Montana, and that any workers hired by Montana would be paid by Montana. This testimony appears to establish that Lopez-Hernandez was not, in fact, Lakeshore's employee. Nevertheless, for purposes of this appeal, we have assumed the existence of an employer/employee relationship.

Lopez-Hernandez and Coca each testified at their respective depositions[2] that before traveling to Newnan, the two of them, together with Montana, stopped by Walker's workshop in Cordele to pick up materials needed for the job. According to both men, Walker loaded items onto a trailer attached to Montana's truck, including the ladder at issue. Lopez-Hernandez further testified that there were no other ladders on the trailer. The men then drove with the ladder on the trailer for approximately three hours to reach the job site, traveling from Cordele to Newnan.

Montana, Coca, and Lopez-Hernandez began work at the Verizon store at approximately 10:00 p. m., after the store had closed. The men brought the ladder into the store from the trailer, and both Coca and Montana used the ladder without incident, although neither man stepped above the second rung. Coca testified that he was the first person to use the ladder and when he did so, he made sure that the braces on either side were locked. He also walked around the ladder to make sure it looked safe before he climbed it. Although the ladder appeared somewhat old and somewhat worn out, Coca did not see that it was broken or otherwise looked unsafe.

---

[2] Montana did not give a deposition, and the record indicates that he could not be located.

At approximately 1:00 a. m., Lopez-Hernandez moved the already-open ladder to his work area and began to ascend the same. As he neared the top of the ladder, one of the rungs apparently broke or gave way, and Lopez-Hernandez fell from the ladder head first, suffering several injuries, including a neck injury that required surgery. The ladder fell with Lopez-Hernandez, landing on its side. At his deposition, Lopez-Hernandez testified as to his belief that the rung on which he attempted to place his foot when he fell was already broken explaining that he "didn't feel that I had put any weight on it" before the fall. Lopez-Hernandez acknowledged, however, that he did not perform even a cursory inspection of the ladder, even though nothing prevented him from doing so. Instead, despite the ladder's allegedly old and worn appearance, Lopez-Hernandez simply assumed that the ladder was in good condition and was safe to use.

After the accident, Lopez-Hernandez filed the current lawsuit against Lakeshore, alleging that Lakeshore provided Montana and his workers the ladder at issue to use during the course of the job at the Verizon store. Lopez-Hernandez further asserted that Lakeshore had actual or constructive knowledge of the ladder's defective condition and that the company was negligent in failing to inspect and maintain the ladder.

Following the close of discovery, Lakeshore moved for summary judgment, asserting that Lopez-Hernandez had failed to come forward with any evidence of Lakeshore's liability.[3] The trial court denied the motion, finding that although no evidence showed that Lakeshore had actual knowledge of the ladder's defect, a genuine issue of material fact existed with respect to whether Lakeshore "in the exercise of ordinary care should have inspected the ladder or cautioned Lopez-Hernandez to inspect the ladder before using [it.]" Additionally, the trial court found a disputed issue of material fact existed on the question of whether Lakeshore had a "duty to provide a safe work environment" to Lopez-Hernandez. The trial court certified its order for immediate review, and we granted Lakeshore's application for an interlocutory appeal. This appeal followed.

1. "[T]o recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama v. J. B.*, 300 Ga. 840, 841 (1) (797 SE2d 87) (2017) (citation and punctuation omitted). Here, Lakeshore contends that Lopez-Hernandez failed to come forward with any evidence that the company breached any duty it owed him.

[3] Although Lakeshore denied that it owned or had provided Montana with the ladder, it stipulated, for purposes of its summary judgment motion, that its ownership of the ladder could be assumed.

Specifically, Lakeshore asserts that Lopez-Hernandez produced no evidence showing that Lakeshore knew, or should have known, that the ladder was somehow defective. We agree.

Under the law of master and servant, an employer is required to use ordinary care to provide his employee with tools that are in good condition and reasonably suited to the use for which they are intended. *Williams v. Garrbutt Lumber Co.*, 132 Ga. 221, 224 (64 SE 65) (1909). See also *A. F. King & Son v. Simmons*, 107 Ga. App. 628, 629-630 (1) (131 SE2d 214) (1963). The employer must also use ordinary care in inspecting such tools to ensure they are "in proper condition for use." *Williams*, 132 Ga. at 224. Moreover, the employer has a duty to warn an employee of any latent defects in the supplied tools of which the employer is, or should be, aware. Id. at 231-232. See also OCGA § 34-7-20. The employee, however, has a reciprocal duty to exercise care for his own safety, and he cannot recover for his injuries resulting from a defective tool if, in the exercise of ordinary care, he could have discovered the defect. *A. F. King*, 107 Ga. App. at 630 (1). See also *Smith v. Found*, 343 Ga. App. 816, 821 (1) (b) (806 SE2d 287) (2017).

Accordingly, to recover for injuries resulting from an allegedly defective tool supplied by one who employed him, the injured party must show not only that the tool

7

was defective, but that the employer was aware of the defect, or could have learned of the defect "by the exercise of ordinary care and diligence." *Georgia R. & Banking Co. v. Nelms*, 83 Ga. 70, 74-75 (9 SE2d 1049) (1889). Here, however, Lopez-Hernandez provided no evidence that the ladder was defective. The mere fact that the ladder broke while in use is insufficient to show that it was defective in some respect. *Hollingsworth v. Thomas*, 148 Ga. App. 38, 41 (1) (250 SE2d 791) (1978) ("[t]here is no presumption that the tools furnished to an employee by the master were insufficient from the mere happening of an accident") (citation and punctuation omitted).[4] Additionally, Lopez-Hernandez's opinion testimony that the ladder was broken at the time it was supplied was based on his belief that he had not put any weight on the broken rung before he fell. Neither Lopez-Hernandez's opinion or belief, however, is sufficient to defeat Lakeshore's summary judgment motion. As we have explained before, "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create an inference of fact for consideration on summary judgment." *Barclay v. Stephenson*, 337 Ga. App. 365, 368 (1) (787 SE2d

---

[4] The ladder was unavailable for inspection, but Lopez-Hernandez had pictures of the ladder as it looked both prior to and following his fall. The "before" pictures show no obvious defect in or damage to the ladder. The "after" pictures show clearly that the outside of the ladder was cracked or broken, near the top.

8

322) (2016) (citation, punctuation, and footnote omitted). Thus, where a plaintiff's proof that the defendant breached a legal duty "is based on mere possibilities, or the matter remains one of pure speculation, or conjecture, or the probabilities are at best evenly balanced, it is the duty of the trial court to grant summary judgment for the defendant." Id. (citation, punctuation and footnote omitted) (holding that a plaintiff's "'feelings' and 'viewpoint' about how [a] ladder collapsed [did] not raise factual questions" as to the causation element of his negligence claim). See also *Taylor v. Thunderbird Lanes*, 324 Ga. App. 167, 170 (1) (748 SE2d 308) (2013).

Nor did Lopez-Hernandez come forward with any evidence showing that Lakeshore knew, or should have known, that the ladder was somehow defective.[5] Specifically, Lopez-Hernandez offered no evidence that the defect was obvious from

---

[5] In finding that a material question of fact existed as to whether Lakeshore had constructive knowledge of the alleged defect, the trial court relied on a premises liability case for the proposition that "[c]onstructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. . . ."*Gibson v. Halpern Enterprises*, 288 Ga. App. 790, 791 (655 SE2d 624) (2007) (citation and punctuation omitted). This rule of law is inapplicable, however, in a case involving an employer's furnishing of an allegedly defective tool. Under the law of master and servant, the law presumes that "the master has discharged his duty to [his employee] by providing suitable instrumentalities for the business, and in keeping them in [good] condition." *Nelms*, 83 Ga. at 75-76 (citation and punctuation omitted). Accordingly, to avoid summary judgment in this context, a plaintiff must come forward with some affirmative evidence showing that a reasonable inspection would have revealed the alleged defect. Id. at 76.

9

a visual inspection of the ladder and, in fact, Coca's undisputed testimony established the opposite. And given that Lopez-Hernandez proffered no evidence to establish the nature of the alleged defect, he cannot show that the use of ordinary care in inspecting the ladder would have revealed any such defect. See *Family Thrift v. Birthrong*, 336 Ga. App. 601, 604 (1) (785 SE2d 547) (2016) (in a premises liability action arising out of injuries caused by an allegedly defective chair, the plaintiff's failure to present any evidence regarding the nature of the chair's defect meant there was "no logical foundation for arguing that such a defect should have been discovered during [an] inspection procedure") (citation and punctuation omitted); *Freeman v. Eichholz*, 308 Ga. App. 18, 23 (2) (705 SE2d 919) (2011) (same). See also *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 98 (1) (453 SE2d 123) (1995) ("there is no duty to discover a defect which is not manifested until the incident causing the injury").

Given that Lopez-Hernandez provided no evidence showing that the ladder was defective or that Lakeshore had actual or constructive knowledge of any such defect, the trial court erred in denying Lakeshore's motion for summary judgment. See *Shepherd v. Whigham*, 111 Ga. App. 274, 277 (2) (141 SE2d 583) (1965) (defendant-employer entitled to summary judgment on plaintiff's claim for injuries arising out

of an allegedly defective ladder, where plaintiff failed to come forward with any evidence that the defect was obvious or that a reasonable inspection would have revealed the defect). See also *Nelms*, 83 Ga. at 75 ("[t]he mere fact that [a tool] was defective . . . and that the [plaintiff's] injury resulted therefrom, is not sufficient to authorize [an inference of] negligence on the part of the [employer]"); *Beale*, 319 Ga. App. at 2 (a defendant is entitled to summary judgment where it demonstrates "an absence of evidence in the record by which the plaintiff might carry the burden to prove [a necessary] element" of his claim) (citation and punctuation omitted).

2. In light of our holding in Division 1, we need not address Lakeshore's remaining claims of error.

For the reasons set forth above, we reverse the trial court's order denying Lakeshore's summary judgment motion and remand for entry of judgment in favor of Lakeshore.

*Judgment reversed and case remanded with direction. Dillard, C. J., and Hodges, J., concur*.